IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROUND VALLEY INDIAN TRIBES | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-cv-00900L |
| | ) | Judge Susan G. Braden |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PARTIES' JOINT MOTION FOR TEMPORARY STAY OF LITIGATION AND (PROPOSED) ORDER**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), the parties respectfully make this joint motion for temporary stay of litigation, to and including January 9, 2008. This motion is the parties' first such motion. The grounds for the joint motion are set forth below:

1. Plaintiff filed this case on December 27, 2006. See Complaint, Doc. #1. Plaintiff's allegations relate to the trust accounting and trust management duties and responsibilities allegedly owed by Defendant to Plaintiff.

2. Since the filing of this case, the parties have jointly requested and received from the Court an extension of time for Defendant to file its Answer or otherwise respond to the Complaint. Docs. ##6, 7. Under the Court's order dated February 28, 2007, the filing deadline for the Answer or response to the Complaint is July 13, 2007. Doc. #7.

3. Also since the filing of the case, counsel for the parties have discussed and agreed that they would explore the possibility of resolving Plaintiff's issues and claims through informal settlement discussions or alternative dispute resolution (ADR) processes; that they would undertake such activities as informal requests and productions of relevant or potentially relevant documents and data, in furtherance of the settlement discussions; and that they would seek to stay the litigation

temporarily, thus deferring Defendant's obligation to file its Answer or otherwise respond to the Complaint in this case, so as to enable or facilitate the parties' settlement discussions. The parties' counsel have agreed that, through the jointly-requested stay of litigation, they would confer and undertake a joint, cooperative process for obtaining and, if appropriate, sharing relevant or potentially relevant documents and data, and for exploring the possibility of settling this case through informal settlement discussions or ADR.

4. Further, counsel for the parties have discussed the fact that, by Defendants' calculation, there are presently about 102 Tribal trust accounting and trust mismanagement lawsuits pending against Defendants in this Court;[1/] in the United States District Courts in Oklahoma;[1/] and in the United States District Court for the District of Columbia.[1/] Doc. #6, Exh. 1.

5. The parties have accomplished several things in the past few months. Specifically, on April 25, 2007, Plaintiff submitted to Defendant an informal request for certain documents and data relating to Plaintiff's trust funds and non-monetary trust resources, which Defendant has reviewed and to which Defendant has been and continues to be responding. Defendant has provided to

---

[1/] Given that, upon unopposed motion by the plaintiff, the CFC dismissed, without prejudice, Miami Tribe of Oklahoma v. United States, No. 06cv00939-ECH, on May 22, 2007, there are now 56 cases in this Court.

[2/] There are currently nine cases in the United States District Courts in Oklahoma. Doc. #6, Exh. 1.

[3/] There are currently 37 cases in the D.C. District Court. Id.

Plaintiff, at Plaintiff's request, various Box Indexing and Search System (BISS) reports, which identify the boxes that are located at the American Indian Records Repository (AIRR) in Lenexa, KS, that may contain documents relating to Plaintiff, as well as "finding aids" for documents that may relate to Plaintiff at the San Bruno Regional Archives of the National Archives and Records Administration (NARA).

6. Additionally, Defendant has provided to Plaintiff various statements that had been generated by the Office of the Special Trustee for American Indians (BIA), regarding Plaintiff's trust fund accounts for Fiscal Years 2002-2006, as well as materials from an informational session hosted by the Inter-Tribal Monitoring Association (ITMA) in Denver on May 31, 2007, about ITMA's development of a proposed methodology to address certain Tribal trust accounting and Trust fund mismanagement claims.

7. Further, the parties have conducted a meeting and informational briefing in Healdsburg, CA. At this meeting, which occurred on June 21, 2007, Plaintiff's counsel and representatives, including the Tribal Chairman and various Tribal Council members, conferred with Defendant's counsel, an attorney from the Office of the Solicitor of the Interior Department, the Deputy Director of the Office of Historical Trust Accounting (OHTA) of the Interior Department, and OHTA's accounting contractor, about various document and data needs, document identification and location mechanics and logistics, possible document inspections at the AIRR, and certain settlement issues. Also at this meeting, OHTA and its accounting contractor made a presentation to Plaintiff's counsel and representatives and answered Plaintiff's questions about the documentation, analyses and methodologies, and results relating to Plaintiff from the project that had been undertaken by the Interior Department in the mid-1990s to reconcile the trust fund accounts of

Tribes for the 1972-1992 period. Further at the meeting, Plaintiff provided to Defendant a list of leases with identification numbers that appeared to relate to tribal trust lands. Plaintiff had compiled this list by using the approximately 5,000 pages of Arthur Anderson materials that Defendant had earlier provided. Plaintiff informed Defendant during the meeting that it seeks copies of such leases.

8. At Plaintiff's request, Defendant provided to Plaintiff on July 3, 2007, a copy of the PowerPoint presentation used by OHTA's accounting contractor at the June 21 meeting and, as requested by Plaintiff, a graphical depiction and comparison of calculated investment returns, including those for Plaintiff, between the years 1978 and 1992.

9. On July 13, 2007, counsel for the parties conducted a telephone conference call about the BISS reports. During that call, they discussed the need for Defendants to conduct a more focused BISS search, since Defendant's BISS reports had listed many boxes of documents that were not relevant to Plaintiff's informal document request.

10. Among other things, counsel for the parties plan to discuss and make arrangements for Plaintiff's counsel to conduct an inspection at the AIRR of certain specified boxes on August 6-10, 2007. The parties recognize, however, that the August visit will need to be rescheduled if the results of the more focused BISS search still produces boxes that are unresponsive to Plaintiff's informal discovery request.

11. As to the documents at the San Bruno Regional Archives of NARA that have been identified in the NARA "finding aids" as relating to Plaintiff, Plaintiff and Defendant plan a joint effort to review the "finding aids" and to acquire those documents that are deemed responsive to Plaintiff's informal document request.

12. As part of their informal settlement discussion process, the parties have agreed to

develop jointly and implement a plan and schedule to govern their informal document production activities during the stay period. Plaintiff is planning to submit a draft plan for Defendant's review by or about July 20, 2007; Defendant is aiming to review and respond to Plaintiff's draft by or about August 3, 2007; and the parties are planning to reach agreement on a final plan by or about August 10, 2007. Among other things, the informal plan will address such issues as the need to organize and label responses in accordance with the categories in the informal production request, as appropriate.

13. In addition, the parties' counsel plan to confer about other potential document and data needs; the possibility of Defendant scanning, coding, and sharing with Plaintiff images of certain relevant or potentially relevant documents at the BIA Regional and Agency Offices; discuss possible informal settlement or ADR processes; and negotiate the terms and conditions of a joint stipulation and proposed order to protect the confidentiality of certain documents and data to be provided by Defendant to Plaintiff. Upon completion and execution of this confidentiality stipulation and order, the parties plan to submit the document to this Court for its consideration.

14. Given the foregoing, the parties believe that they have made and continue to make good progress in their efforts to determine the possibility of resolving Plaintiff's issues and claims, without the need for extended litigation. At the same time, however, the parties require additional time to continue their discussions, as well as the implementation of the parties' proposed informal document production plan and other processes.

15. Accordingly, the parties hereby respectfully request that the Court grant the following relief:

a. Issue a temporary stay of the litigation in this case, to and including January 9,

2008;

b. Continue the deferral of, among other things, the obligation for Defendant to file its Answer or otherwise respond to the Complaint until after the termination of the temporary stay;

c. Order that the parties file a joint status report on or before January 9, 2007, informing the Court of the status of their efforts to resolve the issues and claims of this case, and making a proposal—by motion, if appropriate—to the Court about whether and how to proceed with this case.

16. On the one hand, the granting of this joint motion would serve the public interest by promoting judicial economy and efficiency and conserving the parties' limited resources. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties herein. On the other hand, the denial of the joint motion would unduly interfere with the parties' ability to work with each other and devise an efficient, cost-effective, and resource-conserving way for resolving the issues and claims in this case, without resort to protracted litigation. Additionally, it would not support or advance Defendants' ability to address and possibly handle the other Tribal trust case accounting and trust mismanagement cases that have been filed in this Court in a similar, non-litigation-oriented manner.

WHEREFORE, the parties respectfully request that their joint motion be GRANTED.

Respectfully submitted this 13th day of July, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General

*s/ Sharon I. Haensly, by Martin J. LaLonde*
*pursuant to authorization on July 13, 2007*
SHARON I. HAENSLY

*s/ Martin J. LaLonde*
MARTIN J. LALONDE

Williams, Kastner & Gibbs, PLLC
Two Union Square
601 Union Street, Suite 4100
P.O. Box 21926
Seattle, WS 98101
Tel: (206) 628-6784
Fax: (206) 628-6611

Attorney of Record for Plaintiff

OF COUNSEL:

DEBORA JUAREZ
GABRIEL GALANDA
Williams, Kastner & Gibbs, PLLC
Two Union Square
P.O. Box 21926
Seattle, WA 98101
Tel: (206) 628-6784
Fax: (206) 628-6611

United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
ROBERT W. RODRIGUES
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

ELISABETH C. BRANDON
United States Department of the Interior
Office of the Solicitor
Washington, D.C. 20240

RACHEL M. HOWARD
United States Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C. 20227