IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROUND VALLEY INDIAN TRIBES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-cv-00900L |
| | ) | Judge Susan G. Braden |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S NOTICE OF FILING ITS PROPOSED CHANGES TO COURT'S PROPOSED RECORD RETENTION ORDER**

As instructed by the Court on or about August 14, 2007, Defendant submits herewith its changes to the proposed record retention or document preservation order that the Court has determined to enter in this case. Defendant's changes are set forth in "clean" and "redlined" versions of the proposed order, for the Court's ease and convenience of reference. Defendant's Exhibits (Def. Exhs.) 1 and 2.

In submitting the attached "clean" and "redlined" versions of the Court's proposed record retention order, pursuant to the Court's instruction, Defendant is not waiving its position or any of its arguments that a record retention order is unnecessary and unwarranted in this case. In particular, Defendant is not waiving its argument, among others, that there has been no showing that "absent a court order, there is significant risk that relevant evidence will be lost or destroyed[.]" Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 138 (Fed. Cl. 2004). Further, Defendant is not waiving its argument that there has been no showing that a record retention order, such as the one that this Court has determined to enter, will be effective and not unduly burdensome, as required under applicable case law. Id. Defendant—in particular, the United States Departments of the Interior and of the Treasury, the two federal agencies that are principally involved in the trust accounting and

trust mismanagement issues and claims that have been asserted by Plaintiff in this case—has taken or is taking reasonable steps to preserve documents and data that are relevant to, or that may lead to the discovery of information that is relevant to, Plaintiff's issues and claims herein. These steps include but are not limited to the promulgation of agency-wide guidelines and directives for the preservation of certain documents and data; periodic written reminders to employees regarding their preservation duties; training of agency and tribal employees. and the opening, operation, and maintenance of the American Indian Records Repository (AIRR) in Lenexa, Kansas, to consolidate and house in one central repository the Interior Department's inactive Indian trust documents and data, including the fiduciary records that are relevant or potentially relevant to the issues and claims herein. Defendant is prepared to submit to the Court detailed briefing and other documentation, including declarations of knowledgeable agency officials, regarding the factual and legal bases for Defendant's opposition to a record retention order herein, if the Court deems such briefing to be appropriate and desirable.

Defendant provides the following explanation of the most significant changes that it has made to the Court's proposed record retention order

1. Any record retention order entered by the Court in this case should apply to both parties in the case, i.e., to Plaintiff and Defendant. Plaintiff shares the duty and obligation under the applicable law and rules to retain or preserve documents and data that are relevant to or that may lead to the discovery of information that is relevant to the issues, claims, and defenses in this case. Def. Exhs. 1 and 2 passim.

2. Any record retention order entered by the Court herein should not obligate the parties to retain or preserve duplicate copies of the documents or data subject to the order. Such an

obligation imposes financial, administrative, and other burdens on the parties, without a commensurate return of informational value. Id., ¶ 1.

3. The Court should not require the parties to preserve "voice mails," "Web pages," "jottings," "notes," and "metadata," because these items impose a technically and unreasonably burdensome or ambiguous preservation requirement on the parties. Id., ¶ 2(a).

4. The Court should not require the parties to prevent "testing" and "migration" of "documents, data, and tangible things," because the terms are ambiguous and such restrictions would unduly interfere with daily operations of the agency in that they would arguably restrict movement of data within various agency systems. Id., ¶ 2(b).

5. The Court should employ the mechanism proposed by Defendant for determining and ensuring compliance by the parties with the record retention order, because it provides for specific follow-up actions and a report to the Court explaining the actions undertaken. Id., ¶ 3.

6. Any record retention order entered by the Court herein should not include provisions relating to the movement, transfer, or location of certain documents, data, and tangible things, because such provisions belong appropriately in discovery-related orders or the joint preliminary status report required by Appendix A of the Rules of the Court of Federal Claims (RCFC), not in a record retention order. Id., ¶¶ 4, 5. Nevertheless, to the extent that the Court deems it necessary to have such provisions in the record retention order that it has proposed to enter in this case, Defendant is proposing alternate language for the provisions. Id., The Court should adopt Defendant's proposed language because it provides for a written notice to Plaintiff concerning the type of documents to be moved and the originating location .

7. Any record retention order entered by the Court herein should include a provision

explicitly providing for the parties to petition, either singly and jointly, the Court, at any time, for further instructions, clarification, or modification of the order regarding, among other things, their obligations to preserve specific categories of the documents, data, and tangible things that are subject to the order. Such a provision creates a clear basis for one party or both parties to apply for further guidance from the Court or to seek modification of the order, because of a change in circumstances or other such situations. As a matter of judicial efficiency and economy, the parties should be encouraged to confer among themselves and submit a joint proposal, to the extent possible.

Respectfully submitted this 27th day of August, 2007,

RONALD J. TENPAS
Assistant Attorney General

*s/Robert W. Rodrigues*
ROBERT W. RODRIGUES
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
robert.rodrigues@usdoj.gov
Tel: (202) 353-8839
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

JASON M. BRUNO
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
jason.bruno@usdoj.gov
Tel: (202) 305-0434

Fax: (202) 353-2021

JOHN H. MARTIN
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
1961 Stout Street, Eighth Floor
Denver, CO 80294
john.h.martin@usdoj.gov
Tel: (303) 844-1383
Fax: (303) 844-1350

ELISABETH BRANDON
MICHAEL BIANCO
Office of the Solicitor
United States Department of the Interior
1849 C Street, NW
Washington, DC 20240

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227