IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROUND VALLEY INDIAN TRIBES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-cv-00900L |
| | ) | Judge Susan G. Braden |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| ____________________________________ | ) | |

**DEFENDANT'S NOTICE OF FILING ITS PROPOSED SCHEDULING ORDER**

As instructed by the Court, Defendant submits herewith its proposed scheduling order in this case. The scheduling order addresses significant deadlines up to and including the filing of the Joint Preliminary Status Report ("JPSR"), as well as significant benchmarks towards a comprehensive discovery schedule.

In submitting its scheduling order pursuant to the Court's instruction, Defendant continues to believe that the submission at this time is premature and duplicative of the scheduling order that will accompany the parties' preparation for and submission of the JPSR. Defendant has not yet filed an Answer and the parties have not had a chance to meet and confer in order to discuss, prepare, and submit the JPSR. As directed by Appendix A of the Rules of the Court of Federal Claims ("RCFC"), the production and filing of a JPSR will be accompanied by an associated scheduling order that will address all issues contained in the present filing. Moreover, a scheduling order that does not have the benefit of being included within the context of a JPSR could be read out of context.

With the foregoing objections in mind, Defendant has attempted to negotiate with Plaintiff regarding the development of a joint scheduling order in various telephone conferences and email

correspondence throughout the weeks of August 13, 2007 and August 20, 2007. Although Defendant and Plaintiff had somewhat fruitful discussions, they have been unable to come to an agreement regarding a joint scheduling order.

Defendant now provides the following explanations for any important substantive disagreements with the Plaintiff's proposed scheduling order:

1. Defendant disagrees with the Plaintiff's use of what Plaintiff terms a "phased" system, in which Plaintiff separates the subject matter of the discovery into "issues," or year-based tranches. This method of breaking down discovery is inefficient—many of the materials dating back to a particular year is relevant to *all* time periods. Such a system would unnecessarily draw out the litigation many times longer than completing discovery for all issues at once. The scheduling order, therefore, should not separate discovery obligations by "issue" or "time period." Rather, document collection and review should gather together all documents relevant to all time periods for any particular issue, so that the parties do not revisit the same set of documents more than once.

2. The scheduling order should anticipate either that the Plaintiff will file a more specific statement of claims or that Defendant will file a motion for more definite statement. Defendant proposes, therefore, that the scheduling order requires the parties move forward immediately with discovery that is geared towards giving the Plaintiffs the documents and information necessary to make a more specific statement of its claims. During this first stage of discovery, the Defendant will also be taking factual discovery from Plaintiff.

3. The scheduling order should give the Defendant an opportunity for to perform any remaining jurisdictional discovery after Plaintiff has filed a more specific statement of its claims. After completion of jurisdictional discovery and receipt of Plaintiff's more specific statement of

claims, Defendant should have the opportunity to file associated jurisdictional challenges.

4. The scheduling order should anticipate a final round of discovery, after resolution of Defendant's jurisdictional motions, that would address remaining discovery, whether fact or RCFC 30(b)(6) depositions, and expert witness discovery on any claims that survive Defendant's jurisdictional challenges.

5. The scheduling order should anticipate that, after discovery is completed, the parties will confer and jointly propose to the Court a schedule for pre-trial briefing and trial dates. Exact specifications for pretrial motions and trial dates would be premature at this time, because such dates are ultimately dependant on the progress of final discovery. The scheduling order should require that the parties confer with the court for pre-trial and trial dates within a certain amount of time after the close of discovery.

Respectfully submitted this 28th day of August, 2007,

RONALD J. TENPAS
Assistant Attorney General

*s/Robert W. Rodrigues*
ROBERT W. RODRIGUES
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
robert.rodrigues@usdoj.gov
Tel: (202) 353-8839
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

JASON M. BRUNO

United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
jason.bruno@usdoj.gov
Tel: (202) 305-0434
Fax: (202) 353-2021

JOHN H. MARTIN
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
1961 Stout Street, Eighth Floor
Denver, CO 80294
john.h.martin@usdoj.gov
Tel: (303) 844-1383
Fax: (303) 844-1350

ELISABETH BRANDON
MICHAEL BIANCO
Office of the Solicitor
United States Department of the Interior
1849 C Street, NW
Washington, DC 20240

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227