IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ROUND VALLEY INDIAN TRIBES, a federally recognized Indian tribe,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

Case No.: 06-00900 L
Judge Susan G. Braden

Electronically Filed

**[DEFENDANT'S PROPOSED] SCHEDULING ORDER**

The Court has instructed the parties herein to submit proposed scheduling orders in this case, for its consideration and for discussion with the parties at a joint status conference on August 29, 2007. The parties have complied with the Court's instruction. In so doing, the parties have undertaken their submission before Defendant has filed its Answer or otherwise responded to the Complaint herein and before the parties have met, conferred, prepared, and filed a joint preliminary status report (JPSR), as required by Appendix A of the Rules of the Court of Federal Claims (RCFC). Upon consideration of the parties' submissions, it is hereby ORDERED that

1. Defendant shall file an Answer on or before September 10, 2007.

2. The parties shall file their JPSR, as required by RCFC Appendix A, on or before September 24, 2007. Additionally, the parties shall file a joint proposed discovery scheduling order with their JPSR on that day. If the parties are unable to submit such a joint proposed order, they shall file separate proposed orders.

3. The parties shall file a joint stipulation and proposed order regarding the confidentiality of certain documents and data to be provided by Defendant to Plaintiff in this case, on or before October 5, 2007. If the parties are unable to submit such a joint stipulation and proposed order, they shall file separate proposed orders. The Court will review the parties' joint or

separate proposal(s) and issue an appropriate confidentiality protective order.

4. Discovery in this case shall proceed in three phases.

5. The first phase—which shall begin and run for 360 days after the issuance by this Court of an order, based on the joint or separate submissions by the parties, protecting the confidentiality of certain documents and data to be provided by Defendant to Plaintiff herein—shall consist of the factual discovery that Plaintiff needs in order to delineate and define the claims that it shall set forth in a detailed specification of its claims in this case. Such discovery shall be limited to document productions, interrogatories, and requests for admission. Defendant may take discovery from Plaintiff during this phase as well, if Defendant so chooses. The parties shall conduct any discovery in accordance with the requirements of the RCFC.

6. As to the documents that are in the possession, custody, and control of the Interior Department, to the extent that those documents relevant or potentially relevant to Plaintiff's claims herein are located at multiple locations, including federal records repositories, around the country and to the extent that those documents may be found in hundreds, possibly thousands, of boxes of retired federal records, as well as active government documents, the parties shall undertake the following process with respect to Interior's response to Plaintiff's document production requests:

a. The parties shall work together to identify the boxes that may contain responsive documents;

b. The Solicitor's Office of the Interior Department shall conduct a pre-inspection privilege review of those identified boxes;

c. Plaintiff's counsel shall inspect the boxes and identify those documents it wishes to have produced; and

d. Defendant shall image, code, and conduct a post-inspection confidentiality

and privilege review, before producing the images of the requested documents to Plaintiff, pursuant to the confidentiality protective order to be entered by this Court.

7. The parties may jointly or separately petition the Court in writing to extend this first phase of discovery, if they deem such extension to be necessary and appropriate.

8. Within 60 days of the completion of the first phase of discovery, Plaintiff shall file a written specification of its claims in this case. This specification shall state, in substantive detail, the factual and legal bases for the trust duties and responsibilities and the breaches of those trust duties and responsibilities, that Plaintiff has alleged in this case. Among other things, the specification shall address, with specificity, whether Plaintiff's claims are based on substantive sources of law, such as a statute, treaty, or regulation that purport to establish specific fiduciary or other duties, and, if so, what those substantive sources are; to the extent that Plaintiff's claims are based on alleged, specific duties purportedly established in substantive sources of law, whether a breach of those alleged duties would mandate the payment of compensation; whether Defendant has failed to perform any alleged, specific money-mandating duties, and, if so, what those alleged specific duties are; and whether Plaintiff's claims were within the exclusive jurisdiction of the Indian Claims Commission. Additionally, the specification shall recite, in detail, the particular historical accounting of Plaintiff's trust funds and non-monetary trust assets that Plaintiff alleges is owed by Defendant to Plaintiff, as well as the legal source of that trust accounting duty and responsibility.

9. The second phase of discovery shall begin on the day after Plaintiff has filed its detailed written specification of claims, and it shall run for 120 days thereafter. This discovery phase shall be limited to the fact discovery required for Defendant's jurisdictional challenges to Plaintiff's claim specification. The parties may jointly or separately petition the Court in writing

to extend this second discovery phase, if they deem such extension to be necessary and appropriate.

10. Within 90 days of the conclusion of the second discovery phase, Defendant shall file its dispositive motion or motions raising its jurisdictional defenses.

11. The parties may confer and jointly propose to the Court a schedule for the briefing on Defendant's jurisdictional challenge to Plaintiff's detailed written specification of claims.

12. After its ruling on Defendant's jurisdictional challenge, the Court will confer with the parties and schedule further proceedings in this case, including but not limited to the scheduling of the third or final phase of discovery, which would include any remaining fact discovery and fact or RCFC 30(b)(6) depositions on any factual claims that survive Defendant's jurisdictional challenges; expert witness discovery; and, if necessary and appropriate trial.

13. According to Defendant, the Interior Department has filed a motion for remand in the 37 Tribal trust accounting and trust mismanagement cases that have been filed in the United States District Court for the District of Columbia, because, as required by law, Interior has decided to prepare and present a historical accounting plan to address the claims of Tribes (including Plaintiff) for accountings of Tribal trust funds and non-monetary trust assets or resources. Also according to Defendant, upon completion and presentation of this historical accounting plan (which addresses accountings of all Tribes, including Plaintiff), Interior plans to prepare and provide accounting(s) to the individual Tribes, including Plaintiff, to the extent required. Further according to Defendant, this historical accounting plan and the individual Tribal accountings, in particular, the one for Plaintiff, are likely to have an effect on Plaintiff's trust accounting and trust mismanagement claims herein. Defendants shall provide periodic reports, as appropriate, to the Court and Plaintiff herein about the status of Interior's preparation and presentation of its historical accounting plan and the individual accounting for Plaintiff. Based on those periodic reports, the Court will determine

whether and how to proceed with respect to the effects of the accounting plan and Tribal accounting, if any, on the proceedings in this case.

SO ORDERED.

Date: ____________________

______________________________________
HON. SUSAN G. BRADEN
Judge, United States Court of Federal Claims