IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROUND VALLEY INDIAN TRIBES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-cv-00900L |
| | ) | Judge Susan G. Braden |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ANSWER**

DEFENDANT, the UNITED STATES OF AMERICA, submits the following Answer to the Complaint. Defendant specifically denies each and every allegation of the Complaint that is not otherwise expressly admitted, qualified or denied in this Answer.

The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint:

**NATURE OF ACTION**

1. Paragraph 1 contains Plaintiff's characterizations of its case to which no response is required.

**PARTIES**

2. As to the allegations in the first sentence of Paragraph 2, Defendant admits that the Round Valley Indian Tribes, formerly known as the Covelo Indian Community, is a federally-recognized tribe. The allegations in the second sentence are Plaintiff's characterizations and conclusions of law to which no response is required.

3. As to the allegations in the first sentence of Paragraph 3, Defendant admits that it holds funds in trust on behalf of Plaintiff. As to the allegations in the second, third and fourth sentences, Defendant admits that it has trust and fiduciary responsibilities pursuant to certain statutes

and regulations and that those responsibilities are carried out by certain agencies, including those set forth in the fourth sentence. As to the allegations in the fifth sentence, Defendant denies that the Special Trustee is appointed by the Secretary of the Interior and avers that the Special Trustee is appointed by the President of the United States, with the advice and consent of the United States Senate. The remainder of the fifth sentence consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited Act is the best evidence of its contents and speaks for itself.

**JURISDICTION**

4. Paragraph 4 (which includes sub-paragraphs 4.1- 4.11) consists of Plaintiff's conclusions of law and characterizations of the Constitution, various Acts of Congress, statutes, regulations, written policies, manuals, Executive Orders, and Secretarial Orders, to which no response is required. The Constitution, cited acts, statutes, and regulations are the best evidence of their contents and speak for themselves. To the extent that this Court requires further response, Defendant denies the allegation.

5. Paragraph 5 consists of Plaintiff's characterizations and conclusions of law and selective quotations from various Appropriations Acts, to which no response is required. The cited Acts are the best evidence of their contents and speak for themselves.

6. Paragraph 6 consists of Plaintiff's characterizations and conclusions of law, to which no response is required.

7. Paragraph 7 consists of Plaintiff's characterizations and conclusions of law, to which no response is required.

**PLAINTIFF'S ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

8. Defendant admits the allegations in the first sentence of Paragraph 8. The second

sentence consists of Plaintiff's conclusion of law and characterization of the Executive Order, to which no response is required. The cited Act and the Executive Order are the best evidence of their contents and speak for themselves. The third sentence consists of Plaintiff's characterizations of law and Executive Orders, to which no response is required. The referenced laws and Executive Orders are the best evidence of their contents and speak for themselves.

9. As to the allegations in the first sentence of Paragraph 9, Defendant avers that Plaintiff's use of the term "certain parcels" is vague and ambiguous and that, as a result, Defendant is unable to formulate a specific response to the allegations. Subject to the foregoing averment, however, Defendant admits that Plaintiff is the beneficial owner of land within the Round Valley Indian Reservation, title to which is held in trust by Defendant for Plaintiff's benefit.

10. The allegations in Paragraph 10 are Plaintiff's characterizations and conclusions of law to which no response is required. The referenced statute is the best evidence of its contents and speaks for itself.

11. Defendant admits that trust lands referred to in Paragraph 11 include forest lands, riverbeds, lands suitable for grazing, farming, mining, recreational and residential purposes. Defendant avers that the remainder of the allegation, particularly the terms "potentially valuable" and "valuable" are vague and ambiguous, thus precluding Defendant from formulating a specific response to the remainder of Paragraph 11 of Plaintiff's Complaint.

12. Defendant avers that the term "enormous economic importance" is vague and ambiguous, and that, as a result, Defendant is unable to formulate a specific response to the allegations. Subject to the aforementioned objection, Defendant admits that the lands held in trust for the Tribe and the natural resources contained within and on the land are of economic importance to the Tribe.

13. The allegations in the first and second sentences of Paragraph 13 consist of Plaintiff's characterizations and conclusions of law to which no response is required. Without waiving the foregoing objection, Defendant admits that it shares control with the Tribe over the Tribe's trust funds. Defendant further avers that the respective extent of Plaintiff's and of Defendant's control and management of such trust property also are set forth in the provisions of and the regulations implementing statutes respecting tribal property held in trust.

14. As to the allegations of Paragraph 14, Defendant admits that it holds certain Tribal lands in trust. The remaining allegations of the paragraph are Plaintiff's characterizations and conclusions of law and selective quotations from judicial opinions, to which no response is required. The cited court opinions are the best evidence of their contents and speak for themselves.

15. Paragraph 15 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The law defining Defendant's trust obligations is the best evidence of its contents and speaks for itself.

16. Paragraph 16 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The law defining Defendant's trust obligations is the best evidence of its contents and speaks for itself.

17. Defendant admits that it shares control with the Tribe over the Tribe's monetary assets. Defendant admits that it has, from time to time, approved leases, easements, and other conveyances of interests in trust lands of the Tribe. Defendant states that it has shared responsibility with the Tribe for collecting, depositing, and investing income generated by the Tribe's trust lands. In addition, Defendant admits that it has shared management concerning the Tribe's forest lands and timber sales. Defendant has shared control with the Tribe in conducting and managing the collection, deposit, investment, and disbursement of income derived from the Tribe's trust assets

such as funds derived from land leases and timber sales. Defendant is without sufficient information or belief with regard to any tideland leases in which the Tribe is a lessor. Defendant further avers that the respective extent of Plaintiff's and of Defendant's control and management of such trust property also are set forth in the provisions of and the regulations implementing statutes respecting tribal property held in trust.

18. The allegation in the first sentence of Paragraph 18 about "[t]he wrongs committed by the Government" is a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegation. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in the first sentence and the allegations in the second sentence.

19. As to the allegations in the first sentence of Paragraph 19, Defendant admits that it has certain documents and data relating to Plaintiff's trust funds and non-monetary trust assets. As to the allegations in the second sentence of Paragraph 19, Defendant avers that Plaintiff's use of the terms "audit," "accounting," and "periodic accounting" are vague and ambiguous, *see e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982), and that, as a result, Defendant is unable to formulate a specific response to the allegations. Subject to the foregoing averment, however, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Defendant avers that the Interior Department has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund statements;" (b) in 1996, a report entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Round Valley Indian Tribes" for Fiscal Years 1973-1992, which sets forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and (c) from 1995 to the

present, periodic statements of account or performance for Plaintiff's trust fund monies received by Defendant. Defendant further avers that additional information regarding Plaintiff's trust assets historically has been and continues to be available to Plaintiff, upon request. Defendant denies the allegation in the second sentence that it "has failed to maintain or produce to the Tribe source documents . . . relating to the Tribe's trust funds" and, as to the remaining allegations, it avers that Plaintiff's use of the term "key documents" is vague and ambiguous so that Defendant is unable to formulate a specific response to the allegations. Defendant denies the allegations in the third sentence.

20. The allegations in the first sentence of Paragraph 20 are characterizations of findings by the Inspector General of the Interior Department; the United States General Accounting Office; and Congress, to which no response is required. Those findings are the best evidence of their contents and speak for themselves. As to the allegations in the second sentence, Defendant admits that Congress issued a report entitled *Misplaced Trust, Bureau of Indian Affairs Mismanagement of the Indian Trust Fund* in 1992 and aver that the report is the best evidence of its contents and speaks for itself.

21. Paragraph 21 consists of Plaintiff's selective quotations from the *Misplaced Trust* report, to which no response is required. The report is the best evidence of its contents and speaks for itself.

22. The allegations in the first sentence of Paragraph 22 are Plaintiff's conclusions of law to which no response is required. The allegations in the second sentence are Plaintiff's conclusions of law and characterizations of a Congressional report, to which no response is required. The cited report is the best evidence of its contents and speaks for itself. Further, defendant avers that the term "accounting" as used by Plaintiff is vague and ambiguous such that Defendant is unable to formulate

a response thereto. *See, e.g.*, Bogert & Bogert, Trusts and Trustees (rev. 2d edition 1982), §§ 965-968. Nevertheless, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Further, Defendant avers that Interior has furnished and/or continues to furnish Plaintiff with financial and accounting data and documentation, including, from approximately 1980 to 1985, reports entitled "Summary and Detail of Trust Fund Statements," the TRP, which sets forth the results of Defendant's project to reconcile Plaintiff's trust fund accounts for Fiscal Years 1973-1992, and, from 1995 to the present, periodic statements of performance for Plaintiffs trust fund monies that were administered by Defendant. Defendant also avers that additional information concerning Plaintiff's trust assets has historically been, and is, available to it upon request. The Congressional report cited in Paragraph 22 speaks for itself and is the best evidence of its contents.

23. As to the allegations in Paragraph 23, Defendant admits that, in the early 1990's, the Bureau of Indian Affairs of the Interior Department awarded a contract to Arthur Andersen, LLC, to conduct certain agreed-upon procedures to reconcile certain Tribal trust fund accounts.

24. As to the allegations in the first sentence of Paragraph 24, Defendant admits that a report entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Round Valley Indian Tribes" (Tribal Trust Funds Reconciliation Project) was delivered to Plaintiff in 1996. The allegations in the second sentence are Plaintiff's characterizations of the this Tribal Trust Funds Reconciliation Project report, to which no response is required. The report is the best evidence of its contents and speaks for itself.

25. The allegations in Paragraph 25 are Plaintiff's characterizations of and selective quotation from the Tribal Trust Funds Reconciliation Project report, to which no response is required. The report is the best evidence of its contents and speaks for itself.

26. Paragraph 26 consists of Plaintiff's conclusions of law to which no response is required. The cited Acts are the best evidence of their contents and speak for themselves.

27. Paragraph 27 consists of Plaintiff's characterizations of a General Accounting Office report, to which no response is required. The cited report is the best evidence of its contents and speaks for itself.

28. Paragraph 28 (which includes sub-paragraphs 28.1-28.18) consists of Plaintiff's characterizations of and selective quotations from a General Accounting Office report and of the Tribal Trust Funds Reconciliation Project report, to which no response is required. The cited reports are the best evidence of their contents and speak for themselves. Further, Defendant avers that Plaintiff's use of the phrase "accurate, full, and/or complete accounting" is vague and ambiguous, *see, e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982), and that, as a result, Defendant is unable to formulate a specific response to the allegations. Subject to the foregoing averment, however, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Defendant avers that, in addition to the Tribal Trust Funds Reconciliation Project report, the Interior Department has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund statements"; and (b) from at least April, 1995, to the present, periodic statements of account or performance for Plaintiff's trust fund monies received by Defendant (which provides information on cash receipts, disbursements, investment activity (*e.g.*, securities purchased, matured, interest income earned), transactions, and adjustments).

29. As to the first sentence of Paragraph 29, Defendant admits that Interior requested that Plaintiff provided an attestation of the results of the Tribal Trust Funds Reconciliation Project. Defendant denies the allegations in the second sentence.

30. As to the allegations in Paragraph 30, Defendant avers that the term "accounting" as used by Plaintiff, is vague and ambiguous, *see e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982), and that, as a result, Defendant is unable to formulate a specific response to the allegations. Subject to the foregoing averment, however, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Defendant avers that the Interior Department has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund statements"; (b) in 1996, a Tribal Trust Funds Reconciliation Project report (for Fiscal Years 1973-1992); and (c) from 1995 to the present, periodic statements of account or performance for Plaintiff's trust fund monies received by Defendant. Defendant further avers that additional information regarding Plaintiff's trust funds and trust assets historically has been and continues to be available to Plaintiff, upon request.

**PLAINTIFF'S PRAYER FOR RELIEF**

(Alleged Breach of Trust Duty—Trust Funds Mismanagement)

31. Paragraph 31, including its sub-paragraphs 31.1–31.21, consists of Plaintiff's characterizations and conclusions of law to which no response is required.

32. Paragraph 32 presents Plaintiff's characterizations and conclusions of law to which no response is required.

The remainder of the Complaint constitutes Plaintiff's prayer for relief to which no response is required.

**DEFENDANT'S GENERAL DENIAL**

Defendant denies any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

1. Plaintiff asserts claims that are time-barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2501.

2. To the extent that Plaintiff asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70 et seq.).

3. Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver and consent, and any other equitable defenses.

4. To the extent Plaintiff asserts claims that it or its privies or predecessors in interest asserted or could have asserted in a prior adjudication in which a court or tribunal (including the Indian Claims Commission) of competent jurisdiction entered a final judgment, those claims are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel. *See Indians of California v. United States*, 102 Ct. Cl. 837 (1944), and *Thompson v. United States*, 13 Ind. Cl. Comm. 369 (1964).

5. Plaintiff asserts certain claims over which this Court lacks jurisdiction.

6. Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted this 10th day of September, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General

*s/ Robert W. Rodrigues*
ROBERT W. RODRIGUES
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington D.C. 20044-0663
Tel. (202) 353-8839
Fax (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

JASON BRUNO
ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel. (202) 305-0434
Tel: (202) 305-0241
Fax (202) 353-2021

ELISABETH C. BRANDON
MICHAEL A. BIANCO
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227