# In the United States Court of Federal Claims

No. 06-900L
Filed: October 1, 2007

***********************************
ROUND VALLEY INDIAN TRIBES,

Plaintiff,

v.

THE UNITED STATES,

Defendant.
***********************************

**SCHEDULING ORDER**

Upon consideration of the parties' September 28, 2007 Joint Preliminary Status Report, based on the Court's October 1, 2007 telephone conference with the parties, and for good cause shown, it is hereby ORDERED that:

1. The parties shall file a jointly proposed confidentiality agreement or stipulation and protective order regarding the treatment of documents obtained during document production, on or before October 22, 2007. The parties may seek additional time from the Court to confer about a jointly proposed confidentiality agreement or stipulation and protective order, if they need to do so. If the parties cannot agree on a jointly proposed agreement or stipulation and order, then they shall submit separate pleadings to the Court.

2. The handling and disposition of this case shall be divided into phases. The Court and the parties shall address Phase 1 of the case first. This phase shall consist of Plaintiff's claims regarding the alleged mismanagement by Defendant of Plaintiff's trust funds during the time period of Fiscal Years (FYs) 1973 to present.

3. Upon the resolution of Phase 1 by the Court and/or the parties (i.e., trial and final judgment or settlement), the Court shall address with the parties the remaining phases, including claims and time periods, of the case.

4. This Scheduling Order applies only to Phase 1 of the case.

5. The parties shall exchange initial disclosures pursuant to RCFC 26 within 45 days of the date of the issuance of this Order.

6. The parties shall request leave to amend pleadings and to join other parties within 60 days of the date of the issuance of this Order.

7. The parties shall conduct discovery for Phase 1 of this case in three stages.

8. The first stage of Phase 1 discovery shall start on, and run for 360 days from, the date of the entry of this Order. During this discovery stage, Plaintiff shall conduct and complete fact discovery relating to its Phase 1 claims, so as to enable Plaintiff to specify in detail its claims regarding Defendant's alleged mismanagement of its trust funds from FY 1973 to present. The discovery stage shall include the filing of any discovery-related motions. The parties may jointly or separately petition the Court in writing to extend this first stage of discovery, if they deem such extension to be necessary and appropriate.

9. Within 90 days after the conclusion of this first stage of discovery, Plaintiff shall file with the Court a specification of its claims in Phase 1. This specification shall state the factual and legal bases for Plaintiff's claims regarding Defendant's alleged trust duties and responsibilities and for Plaintiff's claims regarding Defendant's alleged breaches of those trust duties and responsibilities. Among other things, the specification shall address whether Plaintiff's claims are based on substantive sources of law, such as a statute, treaty, or regulation that establish specific fiduciary or other duties, and, if so, what those substantive sources are; to the extent that Plaintiff's claims are based on specific duties established in substantive sources of law, whether a breach of those duties would mandate the payment of compensation; whether Defendant has failed to perform any specific money-mandating duties, and, if so, what those specific duties are; and whether Plaintiff's claims were within the exclusive jurisdiction of the Indian Claims Commission. Further, the specification shall recite the particular historical accounting of Plaintiff's trust funds that Plaintiff alleges is owed by Defendant to Plaintiff, as well as the legal source of that trust accounting duty and responsibility. This specification of claims shall not affect Plaintiff's right to file dispositive or other motions at any time allowed under the RCFCs.

10. The second stage of Phase 1 discovery shall start 15 days after Plaintiff's filing of its detailed specification of Phase 1 claims and it shall run for 120 days thereafter. This discovery stage shall be limited to any fact discovery that Defendant may need to determine whether to bring a jurisdictional challenge to Plaintiff's Phase 1 claim specification. The discovery stage shall include the filing of any discovery-related motions. The parties or Defendant may submit to the Court a joint or unilateral request to extend this second stage of discovery, if the parties deem or Defendant deems such a request to be appropriate and necessary.

11. Within 90 days of the conclusion of this second stage of Phase 1 discovery, Defendant shall file a motion or motions under RCFC 12 or 56 regarding its jurisdictional challenge to Plaintiff's Phase 1 claims, if Defendant deems such motion(s) to be appropriate. Briefing on Defendant's motion(s) shall be conducted pursuant to the RCFC, unless otherwise ordered by the Court.

12. After its ruling on Defendant's jurisdictional challenge (if any), the Court shall conduct a joint status conference with the parties and schedule further proceedings in this case, as appropriate, including but not limited to the scheduling of the third stage of Phase 1 discovery (any remaining fact discovery, fact or RCFC 30(b)(6) depositions on any factual claims that survive Defendant's jurisdictional challenges, expert witness discovery) and the scheduling of trial.

13. Through Phase 1 of this case, the parties shall consider the possibility of settlement or alternative dispute resolution of the claims presented in the phase or the rest of the case, as appropriate.

14. The Court will entertain motions to alter, amend, or modify any provision of this Order, including the time periods set forth therein.

**IT IS SO ORDERED.**

**s/Susan G. Braden**
**SUSAN G. BRADEN**
**Judge**