IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROUND VALLEY INDIAN TRIBES,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 06-cv-00900L<br>Judge Susan G. Braden |

**DEFENDANT'S NOTICE OF FILING STATUS REPORT DESCRIBING RECORD RETENTION ORDER COMPLIANCE MONITORING MECHANISMS**

Pursuant to Paragraph 2 of this Court's record retention order dated October 1, 2007 ("RRO"), Defendant submits its status report describing the steps that have been taken, and the plans and procedures that are being formulated and implemented, for complying with the record preservation requirements of the attached RRO. This status report consists of the declarations (with attachments) of officials or employees of the following agencies that have been determined to be the most likely to have the "documents, data, and tangible things," that are believed to be relevant to the Plaintiff's claims in this case:[1/] the United States Department of the Interior, the United States Department of the Treasury, and the National Archives and Records Administration. The Interior Department will continue working on its plans and procedures for complying with the record preservation requirements of the RRO and submit supplemental status reports to the Court, as

[1/] Paragraph No. 2 requires the parties to identify the "subject matters at issue in this litigation;" Paragraph No. 1 of the Protective Order refers to the "subject matter of the pending litigation (including claims and defenses) . . . ." Counsel for both parties have agreed to staged discovery to enable Plaintiff to identify and describe the specific claims that it intends to pursue in the pending litigation; without such information the government cannot presently specify its defenses to these claims. Plaintiff alleges, generally, that the government has mismanaged its tribal trust funds.

appropriate. Also, the other agencies will continue reviewing their compliance plans and procedures and file additional status reports, as needed.

Respectfully submitted this 21th day of December, 2007,

RONALD J. TENPAS
Assistant Attorney General

*s/ Carol Draper*
CAROL DRAPER
JASON BRUNO
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 353-8839
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

MICHAEL BIANCO
ELISABETH C. BRANDON
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20217

JASON BARON
Office of the General Counsel
National Archives and Records Administration
Washington, D.C. 20004

# In the United States Court of Federal Claims

No. 06-900L

Filed October 1, 2007

| | |
|---|---|
| ROUND VALLEY INDIAN TRIBES, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Rules of the Court of Federal Claims (RCFC), as well as the Court's inherent power to regulate its proceedings and maintain the integrity of its functions, the Court hereby issues the following Order:

**1. Obligation to Preserve Certain Documents, Data, and Tangible Things**

During the pendency of this litigation (including informal settlement discussions, ADR, and/or any appeals herein), the parties, as well as their agencies, their employees, and their agents, shall take reasonable steps to preserve those documents, data, or tangible things that are in their possession, custody, or control, and that contain information that is relevant to, or may reasonably lead to the discovery of information that is relevant to, the subject matter of the pending litigation (including claims and defenses), as that subject matter is set forth in the Complaint and any amendments thereof and the Answer to such complaint and any amendments thereof. This Order does not impose an obligation on the parties to retain duplicate copies of the documents, data, or tangible things that are subject to the Order. Additionally, nothing in this Order Supplants the discovery obligations under the RCFC.

**2. Mechanism for Ensuring Compliance With This Order**

Defendant, in consultation with Plaintiff, shall establish a mechanism for ensuring on-going compliance with this Order, such as periodic reminders of record retention obligations to be sent to appropriate document repositories by a date to be determined by the Court and then every six months thereafter for the pendency of this case. Defendant shall file a report setting forth its compliance mechanism, within 60 days of the date of this Order. The compliance mechanism shall include the

parties' specification of the subject matters at issue in this litigation and the documents, data, or tangible things that the parties reasonably anticipate to be subject to discovery in this case and to this Order. Counsel shall notify the Court and opposing counsel, as soon as is reasonably possible, if, at any time, they become aware of a violation of Paragraph 1 of this Order (i.e., the destruction or loss of certain documents, data, and/or tangible things).

**3. Definitions**

For purposes of this Order, the following terms are to defined as follows:

(a) "Documents, data, and tangible things" shall be interpreted to consist of writings; records; files; contracts; leases; correspondence; reports; memoranda; calendars; diaries; minutes; electronic mail (e-mail) ; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media, such as tapes, disks, and cards; printouts; document image files; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; digital or chemical process photographs; video; phonographic or digital recordings, or transcripts thereof; and circulated drafts. The term also shall include information that serves to identify, locate, or link documents, data, and tangible things, such as file inventories and indices.

(b) "Preserve" shall be interpreted to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery in this case as related to the subject matters defined by the Parties under paragraph 2 above. "Preserve" includes the parties taking reasonable steps to prevent the partial or full destruction, alteration, deletion, shredding, incineration, wiping, theft, or mutation of documents, data, and tangible things, and any negligent or intentional handling that would make material incomplete or inaccessible.

**4. Movement(s) or Transfer(s) of Certain Documents, Data, and Tangible Things**

In the event that Defendant anticipates moving or transferring trust documents relating to Plaintiff from the Central California Agency and Pacific Regional Office of the Bureau of Indian Affairs (BIA) to the American Indian Records Repository (AIRR), Defendant shall provide Plaintiff with notice of such document movement at least 20 days in advance of the movement. Such written advance notice shall include a copy of any move plans and box inventories produced pursuant to regulations and procedures governing movement of trust documents.

**5. Dispute Resolution**

If a party desires clarification of any issue(s) related to the parties' obligations pursuant to, or compliance with, this Order, or believes that the opposing party has violated any term of this Order, the party shall notify the opposing party in writing and state the issue(s) requiring clarification or the grounds upon which the party has formed such belief. As soon as practicable after receiving such written notification, the parties shall meet and confer in an attempt to clarify the issue(s) in a

mutually agreeable manner or resolve the dispute. If the parties cannot clarify the issue(s) in a mutually agreeable manner or do not resolve the dispute, within a period of 20 days either party may file a motion with the Court seeking a ruling regarding the parties' obligations under, and compliance with, this Order.

**6. Further Instructions, Clarification, or Modification of This Order**

Each party may apply to the Court, at any time, for further instructions, clarification, or modification of this Order, regarding, inter alia, their obligations to preserve specific categories of documents, data, and tangible things covered by the Order. The parties are encouraged to confer among themselves and to make a joint proposal or submission to the Court, wherever appropriate or possible.

**IT IS SO ORDERED.**

**s/Susan G. Braden**
**SUSAN G. BRADEN**
**Judge**

# INDEX TO DECLARATIONS AND ATTACHMENTS

## I. DEPARTMENT OF INTERIOR

DECLARATION OF MICHAEL A. BIANCO, December 20, 2007

| | |
|---|---|
| Exhibit A | Facsimile from M. Bianco to BIA Pacific Regional Office, Central California Agency and OST, October 18, 2007, with facsimile receipt |
| | Protective Order in *Round Valley*, dated October 1, 2007 |
| | Facsimile from Lawrence J. Jensen to Interagency Offices, re: Litigation Hold, March 12, 2007 |
| Exhibit B | Memorandum from Paul B. Smyth to all Interagency Offices re: Compliance with RROs, November 20, 2007; with attachments |
| Exhibit C | Facsimile from Indian Tribal Trust Litigation Office to Interagency Offices re: Report of Conference Call on Compliance with RRO, December 7, 2007 |
| Exhibit D | Facsimile from Indian Tribal Trust Litigation Office to Interagency Offices re: Draft Follow-up RRO Compliance Coordinators, December 18, 2007 |

DECLARATION OF AMY DUTSCHKE, December 20, 2007

| | |
|---|---|
| Exhibit A | Email to All BIA Employees from Carl J. Artman re: Litigation Hold, April 18, 2007; with attachments |
| Exhibit B | Email from Bob Harnage to all BIA Employees re: Record Retention Order Requirement, December 12, 2007 |

DECLARATION OF RICHARD P. FIELITZ, December 14, 2007

## II. DEPARTMENT OF TREASURY

DECLARATION OF LACHLAN W. SEWARD, November 28, 2007

| | |
|---|---|
| Exhibit A | Declaration of Debby Diener, April 23, 2004 |

| | |
|---|---|
| | Status Report on the U.S. Department of Treasury's Compliance Mechanisms for *The Pueblo of Laguna v. United States* |
| Exhibit B | Defendant's Supplemental Status Report Describing Compliance with the March 19, 2004 Order; Treasury Excerpts |
| | Declaration of Richard L. Gregg, March 4, 2005 |
| | Declaration of Anne M. Meister, March 17, 2005 |
| | Declaration of Rory D. Schultz, February 28, 2005 |
| Exhibit C | Memorandum from General Counsel David D. Aufhauser, Re: Identification and Retention of Tribal Trust Fund Records, March 29, 2002 |
| Exhibit D | Department of Treasury Employee Retention Reminder, August 6, 2007 |
| Exhibit E | Department of Treasury Employee Retention Reminder, August 27, 2007 |
| Exhibit F | Department of Treasury Employee Retention Reminder, August 29, 2007 |
| Exhibit G | Letter from Sharon King to Thomas E. Mills, September 13, 2007 |
| Exhibit H | Reminder from Vicki Thorpe to Stephen Cooper, August 21, 2007 |
| Exhibit I | Letter from Margaret Marquette to Mary H. Karr, November 5, 2007 |
| Exhibit J | Letters from Michael Mackay to Stephen Herndon of Bank of America, November 7, 2007 |
| | Letter from Michael Mackay to Elaine Friedman of Mellon Bank, November 7, 2007 |
| Exhibit K | Letter from Ronald G. Cymbor to Michael Stenger of the U.S. Secret Service, November 7, 2007 |
| Exhibit L | Financial Management Service, BAM excerpt |

**III. NATIONAL ARCHIVES RECORDS ADMINISTRATION**

DECLARATION OF JASON A. BARON, December 20, 2007

Exhibit A Notice to all Employees re: Holds on NARA Operational Records Relevant to "Tribal Trust" Lawsuits, December 3, 2007

Exhibit B Report re: Records Holds and listing all Tribal Trust Cases, December 20, 2007