# DECLARATION OF

# AMY L. DUTSCHKE

## December 20, 2007

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROUND VALLEY INDIAN TRIBE, A Federally Recognized Tribe, Plaintiff, vs. UNITED STATES OF AMERICA, Defendant. | Case No.: No. 1:06-CV-00945-L<br><br>Declaration of Amy L. Dutschke |

I, Amy L. Dutschke, as the Bureau of Indian Affairs (BIA) Acting Regional Director of the Pacific Region, pursuant to 28 U.S.C. § 1746 do hereby declare and state:

1. I have been employed by BIA since December 1974. I have held my current position since September 2007 and I have been Deputy Regional Director for Trust since May 2004. I have been familiar since at least May 2002 with the Department of Interior's policy that requires that all Indian fiduciary trust records be preserved indefinitely, and forbids their destruction in any case. As Acting Regional Director, I also am aware of my responsibility to ensure that BIA employees under my supervision comply with that records preservation policy, including but not limited to records related to the Round Valley Indian Tribes. To assist us in this, one Records Liaison is assigned by the Office of Trust Records (OTR) within the Office of the Special Trustee for American Indians to the BIA Pacific Region, to co-ordinate with and advise us on DOI records management policy and procedures.

2. On April 18, 2007, I received a national broadcast message sent to all BIA employees by the Assistant Secretary-Indian Affairs on the BIA intranet regarding the litigation hold and preservation of records or information in the Tribal Trust Litigation Cases. That message included a copy of the March 12, 2007 memorandum from Deputy Solicitor Lawrence Jensen that described the information to be preserved along with the list of tribes having filed litigation against the U. S. as of March 6, 2007. This list included the Round Valley Tribes. A copy of the broadcast notice and the Deputy Solicitor's memorandum are attached here as Exhibit A.

3. In February 2007 (soon after this case was filed), Carmen Facio, BIA Pacific Region Realty Specialist, was designated to be our liaison with the Solicitor's Office. Ms. Facio has worked at the Pacific Region for 35 years. On October 19, 2007, I received a copy of this Court's Order concerning the retention of Relevant Records in this case from Mr. Bianco of the Solicitor's Office. Consistent with his directions, Ms. Facio distributed the portions of the Order pertaining to records preservation to BIA personnel representing the Trust and Indian Services programs within the Pacific Region at a meeting held on October 19, 2007, specifically for this purpose. Since then, I have had additional discussions with Mr. Bianco and his co-counsel in the Solicitor's Office concerning document preservation policies and procedures appropriate for the Pacific Regional Office as well as for the Central California BIA Agency, which reports to this Regional Office.

4. On December 12, 2007, I received an email from Bob Harnage, BIA Records Retention Liaison, who had issued a notice to all BIA Regional Directors and Deputy Regional Directors, which provided clarification and further direction as to information to be retained that relates to the management of, or accounting for, any Indian trust assets, whether monetary or non-monetary, and the location thereof, and which asked all addressees to

advise whether they have any Relevant Information as defined in the Court's Order. A copy of that email is attached here as Exhibit B. In response to that email, I am in the process of obtaining responses from all the locations that report to the Pacific Regional Office.

5. I have also taken steps to carry out measures to ensure compliance with the Court's Records Retention Order in this case, throughout the Pacific Regional Office (including at the Central California Agency, where many Round Valley records are kept). These are expected to include:

a) Issuing e-mail reminders of the terms of the Court's Order to all Pacific Region BIA personnel, on a quarterly basis; and

b) Including compliance with the Order as an item in records training for new staff members and in refresher courses for staff members who work with trust records.

In addition, I will require that staff members be reminded to direct any questions about records retention to the Records Liaison from OTR, and to promptly report any suspected incidents of destruction of Relevant Records to me. I will immediately report any such suspected incidents of destruction to the Solicitor's Office. I also will promptly refer any questions regarding compliance with the Court's Records Retention Order that I am unable to answer to the Solicitor's Office, as well. I understand that further guidance may be issued from time to time by the Solicitor's Office on these compliance matters, and I am prepared to fully implement all such guidance, as well.

Executed on December 20, 2007.

Amy L. Dutschke

Amy L. Dutschke

# DECLARATION OF

# AMY L. DUTSCHKE

# EXHIBIT A

INSIDE INDIAN AFFAIRS

Home | Text Only | Printer Friendly

Information

Outside Indian Affairs
(Click to expand.)

Inside Indian Affairs

- Administration and Management
- American Indian Probate Reform Act (AIPRA)
- BIA Internal Controls
- DOI University Catalog
- Daily News Clips
- Dashboard Reports
- Data Management
- Directives
- Directives Search
- Executive Correspondence
- Information Systems
- Information Technology Support Viewer
- Indian Affairs IT Summit
- Indian Services
- Job Announcements
- Litigation
- National Geospatial Resource Center
- Memos & Notices
- National Interagency Fire Center (NIFC)
- National Indian Programs Training Center
- On-line Phone Directory
- Technical Reference Model
- On-line Forms
- Training
- To-Be Trust Business Model
- Travel

## Litigation Hold: Preservation of Information in Tribal Trust Cases

To: All BIA Employees

From: Carl J. Artman
Assistant Secretary - Indian Affairs

Subject: Litigation Hold: Preservation of Information in Tribal Trust Cases

It is essential that all employees and contractors review the litigation hold directive linke become familiar with the obligations outlined and take immediate action to comply with any information that is, or might be, considered relevant to the preservation of informati with Tribal Trust Litigation Cases. You will be notified if any additional direction or guida available.

If you have any question or require additional information regarding this issue, please c Paul Smyth, Counselor to the Solicitor at (202) 208.4307. Thank you for your prompt at matter.

- Signed Memorandum from ASIA in PDF format – 71 Kbs
- Litigation Hold: Preservation of Information in Tribal Cases in PDF format – 942

Home | Bureau of Indian Affairs

United States Department of the Interior

OFFICE OF THE SECRETARY
Washington, DC 20240

TAKE PRIDE IN AMERICA

APR 1 3 2007

Memorandum

To: All Employees

Through: Director, Bureau of Indian Affairs

Director, Bureau of Indian Education

From: Deputy Assistant Secretary - Indian Affairs (Management)

Subject: Litigation Hold: Preservation of Information in Tribal Trust Cases

It is essential that all employees and contractors review the litigation hold directive linked below, become familiar with the obligations outlined and take immediate action to comply with and preserve any information that is, or might be, considered relevant to the preservation of information associated with Tribal Trust Litigation Cases. You will be notified if any additional direction or guidance becomes available.

If you have any question or require additional information regarding this issue, please contact Mr. Paul Smyth, Counselor to the Solicitor at (202) 208.4307. Thank you for your prompt attention to this matter.

United States Department of the Interior

OFFICE OF THE SOLICITOR

MAR 12 2007

MEMORANDUM

To: Office of the Secretary
Office of the Solicitor
Office of the Special Trustee
Office of Historical Trust Accounting
Office of the Inspector General
Office of Assistant Secretary - Indian Affairs
Bureau of Indian Affairs
Office of Assistant Secretary - Policy, Management, and Budget
Office of Hearings and Appeals
Office of Assistant Secretary - Land and Minerals
Minerals Management Service
Office of Surface Mining
Bureau of Land Management
Office of Assistant Secretary - Fish, Wildlife, and Parks
Fish and Wildlife Service
Office of Assistant Secretary - Water and Science
Bureau of Reclamation
U.S. Geological Survey

From: Lawrence J. Jensen
Deputy Solicitor

Subject: Litigation Hold: Preservation of Information in Tribal Trust Cases

As you may know, eighty Tribal plaintiffs, including some Indian groups that are not federally recognized, recently filed actions against the Department of the Interior ("Department") asserting claims of breach of trust and/or asset mismanagement (collectively, "Tribal Trust cases"). This gives rise to an extremely important obligation under Federal law to preserve material that is or may be relevant to the Tribal Trust cases.

The purpose of this Litigation Hold is to inform you of the scope of this obligation and what actions are required to comply with it. The preservation of information will primarily be carried out by individual employees and contractors (any reference herein to "employees" includes contractor employees). Therefore, it is imperative that a copy of this Litigation Hold reaches every employee who may possess relevant information in your bureau or office.

Information To Be Preserved:

The information that must be preserved consists of all "documents, data, and tangible things" in the possession, custody, or control of your bureau or office that are or may be relevant to the subject matter of the Tribal Trust cases. "Documents, data, and tangible things" encompass paper documents, electronically stored information (discussed below), and other materials, such as maps, videos, calendars, charts, and similar items.

Attached is a list identifying the individual Tribal plaintiffs whose information must be preserved. Additionally, the Native American Rights Fund has filed an action purporting to be on behalf of all other Tribes that received materials as part of the Tribal Reconciliation Project. Therefore, this Litigation Hold covers information concerning any Tribe or group of Indians for which the Department administers or has administered assets in trust.

The Tribal Trust cases concern the management and accounting of tribal resources and funds held in trust by the Department. Accordingly, information that is or may be relevant to these cases includes, without limitation, anything reflecting, referring or relating to:

1. any asset, such as funds, land, minerals, forestry, sand and gravel, or other resources, that is, or at any time has been, held in trust by the United States or its agents for Tribes or Indian groups ("trust asset");
2. policies, procedures, guidelines, or correspondence relating to any aspect of the management or administration of trust assets;
3. proceeds, interest, or income from trust assets; or disbursement, distribution, disposition or transfer of any trust assets;
4. reports, appraisals, reconciliations, or evaluations of any trust assets; and
5. information that serves to identify, locate, or link any relevant information, such as file inventories, file folders, and indices.

The timeframe of information that must be preserved is from a yet-to-be-determined beginning date through the present, which means that information created in the future must also be preserved.

General Preservation Requirements:

Employees are required to take "reasonable steps" to preserve the information described above. Reasonable steps, at a minimum, include ensuring that information is not purged pursuant to a records disposition schedule or otherwise inadvertently destroyed. This obligation also extends to records maintained in off-site storage facilities, which may include, in some instances, Federal Records Centers. At the present time, this obligation is only to identify and preserve the information. You will be notified if anything additional is required as the Tribal Trust cases proceed.

**Preservation of Electronically Stored Information ("ESI"):**

Under new amendments to the Federal Rules of Civil Procedure, the preservation requirement explicitly relates to electronically stored information. ESI can include, but is not limited to:

- E-mail (including attachments);
- Instant messages;
- Electronic calendars, task lists, and other organizational aids;
- Word processing documents;
- Spreadsheets;
- Databases;
- Audio and video recordings; and
- Voicemail.

ESI may be located on network systems and servers, local hard drives, laptops, storage media, (including flash drives, diskettes, and CD-ROMs), as well as on PDAs (such as Blackberries) and cell phones. Note that home computers, cell phones, and other devices used for work may also contain relevant or potentially relevant information that must be identified and preserved. Further, the hard drive and network files of departing employees must be identified and preserved.

Your IT personnel will be responsible for taking steps to preserve ESI from a technical standpoint. Employees should seek assistance from the IT personnel as necessary to preserve their ESI, and in no case should they delete any relevant information.

**Conclusion:**

Immediate compliance with this Litigation Hold is essential to protect the Department from lengthy—and avoidable—discovery disputes that consume bureau time and resources and other negative consequences, such as monetary sanctions and evidentiary inferences that would limit the Department's ability to defend against the claims in the cases. This Litigation Hold also protects individual managers and employees by providing them basic guidance on how to comply with their legal requirements.

Thank you for your prompt attention to this matter. Please direct any questions about this memorandum to Paul Smyth, Counselor to the Solicitor, (202-208-4307).

Attachment

Tribes and Indian Groups with Pending Tribal Trust Cases (As of 3/06/2007)

Ak-Chin Indian Community

Alabama Quassarte Tribal Town

Assiniboine & Sioux

Gros Ventre Tribe and Assiniboine Tribe

Blackfeet Tribe of the Blackfeet Indian Reservation

Cheyenne River Sioux Tribe

The Chickasaw Nation and Choctaw Nation

Chippewa Cree ("Pembina")

Chippewa Cree Tribe of the Rocky Boy's Reservation

Coeur d'Alene Tribe

Colorado River Indian Tribes

The Confederated Tribes of the Colville Reservation

Confederated Tribes of the Goshute Reservation

Confederated Tribes of the Warm Springs Reservation of Oregon

Crow Creek Sioux Tribe

Delaware Tribe of Indians and The Delaware Trust Board

Delawares of Idaho, Inc.

Eastern Shawnee Tribe of Oklahoma

Gila River Indian Community

Haudenosaunee, Onondaga Nation

Hoopa Valley Tribe

Hopi Tribe

Iowa Tribe of Kansas and Nebraska

Jicarilla Apache Nation

Kaw Nation of Oklahoma

Makah Indian Tribe of the Makah Indian Reservation

Miami Tribe of Oklahoma

Muscogee (Creek) Nation of Oklahoma

Navajo Nation

Nez Perce, et al (Class Action)

- Mescalero Apache Tribe
- Tule River Indian Tribe
- Hualapai Tribe
- Yakama Nation
- Klamath Tribes
- Yurok Tribes
- Cheyenne-Arapaho Tribe
- Sac and Fox Nation
- Santee Sioux Tribe of Nebraska

Nez Perce Tribe

Northern Cheyenne Tribe of Indians

Northwestern Band of Shoshone Indians

Oglala Sioux Tribe

Omaha Tribe of Nebraska

Osage Nation and/or Tribe of Indians of Oklahoma

Otoe-Missouria Tribe of Indians of Oklahoma

Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony, California

Passamaquoddy Tribe of Maine

Pawnee Nation of Oklahoma

Pechanga Band of Luiseno Mission Indians of California

Ponca Tribe of Indians of Oklahoma

Prairie Band of Potawatomi Nation

Pueblo of Laguna

Pueblo of Santa Ana

Quechan Tribe of the Fort Yuma Indian Reservation

Red Cliff Band of Lake Superior Chippewa Indians

Rosebud Sioux Tribe

Round Valley Indian Tribes

Salt River Pima-Maricopa Indian Community

San Manuel Band of Serrano Missions Indians

Seminole Nation of Oklahoma

Shoshone-Bannock Tribes of the Fort Hall Reservation

The Shoshone Indian Tribe and Northern Arapaho Tribe of the Wind River Reservation, Wyoming

Eastern Shoshone Tribe and Northern Arapaho Tribe

Soboba Band of Luiseno Indians

Sokaogon Chippewa Community (aka Mole Lake Band of Lake Superior Chippewa Indians)

Standing Rock Sioux

Stillaguamish Tribe of Indians

Swinomish Indian Tribal Community

Te-Moak Tribe of Western Shoshone Indians (Class Action)

Three Affiliated Tribes of the Fort Berthold Reservation

Tohono O'odham Nation

Tonkawa Tribe of Indians of Oklahoma

United Keetoowah Band of Cherokee Indians in Oklahoma.

Ute Indian Tribe of the Uintah and Ouray Reservation

Winnebago Tribe of Nebraska

Wyandot Nation of Kansas

Yankton Sioux

Yomba Shoshone Tribe

# DECLARATION OF

# AMY L. DUTSCHKE

# EXHIBIT B

Bob Harnage/DC/BIA/DOI
12/12/2007 07:00 AM

To Regional Directors/Field Operations/BIA, Regional Deputy Directors/Field Operations/BIA
cc
bcc
Subject Records Retention Order Requirement

Regional Directors/Field Operations/BIA, Regional Deputy Directors/Field Operations/BIA,

I'm assigned as the Records Retention Order person for the Assistant Secretary - Indian Affairs and the Bureau of Indian Affairs. Realizing this message is extremely time sensitive for required response; may I ask the, Regional Directors, to forward this e-mail records retention order requirement to each of their Region's Agency Superintendents requiring their response in accordance with this e-Mail..

**IMPORTANT MESSAGE: PLEASE READ AND RESPOND BY DECEMBER 14, 2007**

I am contacting you on very short notice concerning several tribal cases in which records retention orders ("RROs") have been entered. The affected Tribes are Navajo, Jicarilla Apache, Pueblo of Laguna, Quechan, Swinomish, Pawnee Nation, Kaw Nation, and Round Valley.

The scope of the information covered by these RROs is very broad. All "documents, data and tangible things" that refer or relate to the management of or accounting for any Indian trust assets, whether monetary or non-monetary, are covered by these RROs. "Documents, data, and tangible things" (including Electronically Stored Information) includes documents, data, and tangible things "that contain information that is relevant to, or may reasonably lead to the discovery of information that is relevant to the subject matter of the pending litigation...." Please consider "information relevant to the subject matter of the pending litigation" to include, very broadly, any information that refers or relates to these Tribes' assets, whether trust funds or any other types of assets. To simplify compliance with these RROs, we also suggest that you not try to distinguish between tribal and allottee lands for this purpose but instead consider all land and resource-related information attributable to a tribe or to its respective members to be
covered by the preservation requirements of these RROs. This preservation requirement also exists, as you know, on the basis of preexisting Departmental preservation policies and the March 2007 memorandum issued by Deputy Solicitor Larry Jensen that reminded all Interior offices and bureaus of these policies.

At this time, we need to know whether any office or location under your supervision has any such "Relevant Information" for any of these eight Tribes. Please respond to me—whether positively or negatively ("this office does hold" information relevant to "x" Tribe or "this office does not") —by noon (ET) on December 14, 2007. Offices or locations that have already been contacted by the Solicitor's Office about one or more of these eight tribal cases need only respond that "yes, we do have documents, and we know about the RRO

RECEIVED
RES 12/12/07

compliance requirements." Please note that no documents need to be produced at this time—we simply need to know which locations have any Relevant Information for any one or more of these eight Tribes. Please ensure you retain a copy of this e-mail for your records requirements. Thank you for your cooperation..

Bob Harnage
Chief, Information Management Branch
OCIO, AS-IA, OS, DOI
(703) 735-4413 (Office)
(571) 271-2666 (Cell Phone)
(703) 735-4416 (FAX)
625 Herndon Parkway
Herndon, VA 20170
bobharnage@bia.gov

"Please don't mistake kindness for weakness."