# DECLARATION OF

# JASON R. BARON

## December 20, 2007

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROUND VALLEY INDIAN TRIBES<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | ) | No. 06-900L<br>Judge Susan G. Braden |

---

DECLARATION OF JASON R. BARON

I, Jason R. Baron, pursuant to 28 U.S.C. § 1746, do hereby declare and state:

1. I serve as the Director of Litigation in the Office of General Counsel, National Archives and Records Administration ("NARA"), with my office located at Archives II in College Park, Maryland. I have been employed in this capacity since May 2000. Previously, between 1988 and 2000, I served as Trial Attorney and Senior Counsel in the Federal Programs Branch of the Civil Division of the Department of Justice. I am also a member of the Bar of the District of Columbia (D.C. Bar No. 366663).

2. I am generally familiar with the *Round Valley Indian Tribes* ("Round Valley") lawsuit. I am specifically aware of the Document Preservation Order issued by this Court, dated October 1, 2007, requiring preservation of documents, data or tangible things that are relevant or may reasonably lead to the discovery of information relevant to the subject matter involved in the pending lawsuit. I am filing this Declaration based on my personal knowledge of NARA's holdings, as supplemented with information obtained from NARA archivists and staff.

3. Under the Federal Records Act ("FRA"), the Archivist of the United States is responsible for the custody of all records transferred to NARA, and by statute is required to maintain adequate facilities for the housing of those records. 44 U.S.C. §§ 2108(a) & 2110. The FRA provides the authority by which records of Federal agencies that have "sufficient historical or other value to warrant their continued preservation by the United States government" are transferred into the legal custody of NARA. 44 U.S.C. 2107. NARA's archival record holdings, by operation of statute, and in accordance with regulations promulgated thereunder, *see* 36 C.F.R. Part 1200 *et seq.*, represent records *being permanently retained by the United States government.*

4. Accordingly, any and all archival records relevant to the proceedings in the *Round Valley* action are being so held on a permanent basis. Undersigned counsel nevertheless has alerted key staff in NARA's Office of Records Services, Washington, D.C. (covering our headquarters holdings) and NARA's Office of Regional Records Services (covering our regional holdings nationwide), that the Court's Order in *Round Valley* is in effect, and I have taken reasonable steps to ensure that copies of the Order are transmitted to those components of NARA known to hold Indian and tribal records including records relevant to the *Round Valley* litigation. NARA employees are thus on notice that a preservation Order is in effect for these archival holdings.

5. More specifically, based on the inventorying of NARA's Indian and tribal collections undertaken by NARA staff to date, I can report that a substantial collection of open, publicly available records of the Round Valley Indian Tribes may be found in NARA's regional archives in NARA's Pacific Regional offices in San Bruno (San Francisco), California, under the general headings of "Round Valley Agency,"

"Sacramento Area Office (SAO)," "California Agency," "Central California Agency," "Sacramento Agency," and "Uplake-Ukiah Agency." Additional Round Valley public records appear to be available in NARA Pacific Alaska Region offices in Seattle, Washington. Round Valley records may be found in NARA's Washington, D.C. area archival holdings, both in our Main building on the Mall in Washington, D.C., as well as at Archives II situated in College Park, Maryland. Relevant NARA holdings appear to include records catalogued under the supervising Bureau of Indian Affairs agency that had jurisdiction over a particular tribe, which in the case of the Round Valley Indian Tribes would include the California Superintendency, Round Valley Agency, and Sacramento Area Office. NARA holds both 19th and 20th century records in various records series known by such titles as "Letters Received by the Office of Indian Affairs," and "Central Classified Files." Additionally, NARA has many additional archival series of Indian and tribal records that may contain relevant records to this litigation, including a series known under the generic name "General Services Files." Numerous finding aids exist for these various collections, and NARA staff are available to provide reasonable assistance to researchers with respect to their use of these open and publicly available collections of permanent records wherever they may reside.

6. Beyond NARA's archival holdings, I am confident that NARA does not possess any operational or active records, either in textual (i.e., hard-copy) or electronic form, that would be considered relevant or material to the underlying proceedings in the *Round Valley* case. The only contact NARA archivists have with respect to archival records are requests they may receive from time to time for access to such records; they do not themselves generate records of any kind that would be relevant to the matters being

litigated in this case, including involving a damage action for breaches of trust duties by the United States or its components or agencies.

7. Nevertheless, in further response to this Court's Order in the present case, and in addition to the prior notice of this Court's Order given to key staff by undersigned counsel (per ¶ 4, *supra*), NARA issued a nationwide notice, NARA 2008-046, "Holds on NARA Operational Records Relevant To "Tribal Trust" Lawsuits," signed by NARA's Assistant Archivist for Information Services Martha Morphy (see Tab A), and dated December 3, 2007. NARA Notice 2008-046 was intended to alert staff to the existence of records retention orders entered in various tribal trust lawsuits, and included a copy of the Court's October 1, 2007 Protective Order. However, the NARA Notice went further with respect to observing preservation obligations, by placing all NARA staff on notice "of each person's duty to preserve relevant records and information across the board for *all* tribes currently pursuing tribal trust claims" (emphasis in original). Attached to the Notice was a list of all known tribal trust cases, *whether they currently have a retention order in place or not.* The Notice went on to state that NARA staff "must take reasonable steps to preserve every document, all data or tangible thing in its possession, custody or control" concerning five categories of information corresponding to the allegations of trust mismanagement involved in the pending tribal trust lawsuits. The Notice specifically called for NARA staff to preserve both traditional paper documents that are relevant to the lawsuits, as well as electronic documents, including in the form of email, word processing, and voice mail, and provides specific instructions for the forwarding of electronic documents to central email and voice mail repositories for continuous preservation during the pendency of this and related lawsuits. The NARA

Notice also specifically reminded employees that periodic reminders and update notices will be issued to fulfill NARA's obligations in compliance with existing court orders. Finally, the Notice stated that failure to comply with the Court's Orders may lead to the imposition of sanctions.

8. NARA Notice 2008-046 has now been updated by a link to a newly created internal NARA intra-web page, which in turn provides a link to the text of the *Round Valley* Order dated October 1, 2007 (see Tab B).

9. Additionally, undersigned counsel, working with NARA's records officer, has directed that NARA's technical staff responsible for the maintenance of our computer equipment and electronic communications systems act to preserve a set of disaster recovery backup tapes created contemporaneously with the Court's record retention Order. These backup tapes contain electronic mail and other documents created or received by NARA staff nationwide that were residing on our electronic systems as of September 14, 2007. They will be held indefinitely pending resolution of the proceedings in this case and at the further direction of NARA counsel and NARA's records officer.

10. With these compliance measures and with the Court's Protective Order in place, NARA's Office of the General Counsel intends to coordinate the efforts of the various NARA components to monitor compliance with the Court's Order. To this end, NARA's Records Officer will be working in tandem with an attorney in my office who has been specifically assigned to monitor the central repositories of relevant e-mail and voice mail messages, to ensure that proper archiving of such electronic records is taking place. Both myself and the staff attorney assigned to monitor NARA's preservation actions will

be expected to participate in upcoming meetings and nationwide conference calls initiated by NARA headquarters staff to remind NARA staff in both regional and headquarters components of their continuing compliance obligations. We intend to continue to participate in such meetings and conference calls on a periodic basis during the pendency of this and related lawsuits. Additionally, as has previously been done during the course of my tenure, should any issues arise involving allegations of missing or damaged records relevant to this action, NARA's Office of the General Counsel will continue to take a leading role in working with any and all appropriate components of this agency, as well as with the Department of Justice and other affected federal agencies, in an effort to resolve outstanding issues.

11. NARA does also operate federal record centers ("FRC") around the country, including Indian and tribal records of the Department of Interior ("DOI") presently consolidated at our facility in Lenexa, Kansas. Records in the Lenexa FRC remain in the legal custody of DOI, and DOI as a party defendant in the litigation controls access to such records. However, all relevant DOI records have been under a "freeze" on disposition (equivalent to a legal preservation hold) since 2004, and there are no plans to lift the freeze with respect to records identified as tribal trust records. Nevertheless, I have taken steps to alert appropriate NARA staff at the Lenexa facility of the existence of the Court's Order, and the need to preserve all records relevant to this litigation.

12. As stated above, all appropriate components of NARA holding records in their legal custody related to Round Valley have been alerted to the Court's Order. NARA will continue to take reasonable steps to monitor compliance with the Court's orders, including issuing periodic reminders of NARA's record retention obligations, until such

time as the present litigation is resolved. I will also ensure that NARA's Office of General Counsel will continue to monitor NARA's obligations under the Court's Order into the foreseeable future.

13. Finally, NARA's Office of the General Counsel will immediately notify the Department of Justice should there be any violation of the Court's Orders by a NARA employee.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

JASON R. BARON

Executed on this 20th day of December 2007

# DECLARATION OF

# JASON R. BARON

# EXHIBIT A

# NARA NOTICE | 2008-046

Date: December 3, 2007
To: Office Heads, Staff Directors, ISOO, NHPRC, OIG
Subject: Holds on NARA Operational Records Relevant to "Tribal Trust" Lawsuits

In accordance with Interim Guidance 825-1, this notice is to inform NARA staff of their obligations to preserve documents and electronic data (including traditional documents as well as e-mail and voice mail messages) in connection with ongoing "tribal trust" lawsuits in numerous forums throughout the United States Please ensure that this notice is forwarded to all employees who may be affected.

In 2004 and again in 2005, we alerted staff to similar obligations to lawsuits with respect to two Indian tribes. Jicarilla Apache Nation and Pueblo of Laguna Recently, additional lawsuits involving other named tribes have been filed, requiring additional records retention orders calling for NARA staff to take similar preservation measures to retain all relevant documents This notice follows up on prior notices given to appropriate officials and staff by the Office of General Counsel (NGC) in connection with particular lawsuits.

Because there are at present over 100 tribal trust lawsuits filed in various courts, we anticipate that there may be additional retention orders entered over the coming months and for the foreseeable future. In light of what can be reasonably anticipated in terms of NAR´s overall preservation obligations, we believe the most prudent course of action at this time is to issue this blanket notice, placing staff on notice of each person´s duty to preserve relevant records and information across the board for all tribes currently pursuing tribal trust claims A list of all such known tribal trust cases is attached. We will also soon provide a continuing link to this notice on NARA@Work with updates as needed.

To be covered by this hold notice, documents or electronic data must contain a reference to, or otherwise in some way be relevant to, the issues and/or allegations involved in one or more tribal trust lawsuits. "Tribal trust lawsuits" involve one or more of the following issues and/or allegations:

1 Alleged breaches by the United States or a governmental component thereof (including an agency) of the government´s trust responsibilities for Native American tribes or nations created by treaties, statutes and regulations,
2 Mismanagement of Native American trust assets, including funds and non-monetary assets;
3. Failure by the United States in its exercise of comprehensive supervision, control, and management over the Nation´s trust funds and revenue-producing assets. This includes failure to enforce lease terms, including undercollection of amounts lawfully owed,
4 Failure by the United States to provide a comprehensive accounting of all categories of trust assets; and
5. Failure by the United States to implement effective agency control and audit procedures, to perform a reconciliation of accounts, and to engage in regular reporting of transactions and account balances.

These Orders require that NARA staff must take reasonable steps to preserve every document, all data or tangible thing in its possession, custody or control, containing the above categories of information, or that

may reasonably lead to the discovery of information in the above categories of information Therefore, effective the date of this notice, staff should follow these instructions to comply with the hold order.

**Actions to Take**

*For documents created by NARA in paper format stored in office space*
Photocopy records and note the file number and series title from which they came Accumulate such copies and forward them monthly to NARA's Records Officer (NHR), indicating the name and mailcode of your unit

*For documents created by NARA in paper format stored in a Federal Records Center*
Make note of the transfer number and box number(s) in which the relevant records are located and forward that information along with your unit's name and mailcode to NHR.

*For documents created by NARA in electronic format (word processing, email)*
Forward word processing documents or email messages as attachments to an email sent to tribal@nara.gov. Include in the parent email the name and mailcode of your unit

*For voicemail*
Forward voicemail messages to the special "Tribal Trust Litigation" voice mailbox, following these instructions:

1. Listen to the message.
2. Press "#" to respond
3. Press "9" to forward.
4. Record a comment if you wish, and then press "*" and "#."
5. Enter the Tribal Trust Litigation telephone number (7-1000) and then press "#" four times
6. Press "4" to save the message, then press "#."

The Justice Department specifically has asked that I remind all NARA staff that failure to comply with these orders may lead to the imposition of sanctions The obligation to preserve relevant documents to these cases will continue until further notice Periodic reminder and update notices will be issued to fulfill our obligations in compliance with existing court orders

Questions regarding this continuing obligation may be directed to Assistant General Counsel Jean Whyte, in NARA's Office of General Counsel, who can be reached by telephone at 301-837-2926

Regarding Department of the Interior (DoI) records in NARA's custody, contact:

- NW staff - Sharon Thibodeau at 301-837-3047.
- NR staff - Greg Pomicter at 301-837-2063 or David Weinberg at 301-837-3115

Thank you for your compliance with these Court orders.

MARTHA MORPHY
Assistant Archivist for Information Services

Attachment A
Attachment B
Attachment C
Attachment D

Attachment E

**For questions on this notice contact:**

Richard Marcus, NHR
richard.marcus@nara.gov
Room 2350 AII
Phone: 301-837-1942
Fax: 301-837-0871

Page URL http://www.nara-at-work.gov/nara_policies_and_guidance/notices/fy2008/2008_046.html?defaultLocation=32

The U.S. National Archives and Records Administration
8601 Adelphi Road, College Park, MD 20740-6001 • Telephone. 1-86-NARA-NARA or 1-866-272-6272

# DECLARATION OF

# JASON R. BARON

# EXHIBIT B

NARA@work
Thursday, December 20, 2007
www.nara-at-work.gov

## Tribal Trust Cases

In 2004 and again in 2005, records hold notices were issued alerting NARA staff to their obligations to preserve relevant operational records with respect to two tribal trust lawsuits. Jicarilla Apache Nation and Pueblo of Laguna. Recently, additional lawsuits involving other named tribes have been filed that also require the issuance of records retention orders.

There are at present over 100 tribal trust lawsuits filed in various courts which may result in additional retention orders being issued over the coming months and for the foreseeable future. Because of this possibility, a blanket notice (NARA Notice 2008-046) has been issued that informs all staff members of their duty to preserve relevant records for all tribal trust cases. It also provides specific instructions as to how to preserve these records.

Below is a list of all current tribal trust lawsuits. Those suits where an order has already been issued requiring records retention have hyperlinks to the specific records retention order issued by the court As additional records retention orders are issued or additional lawsuits are filed, NARA notices will be issued to that effect and the list below will be updated

Questions regarding this continuing obligation may be directed to Assistant General Counsel Jean Whyte, in NARA's Office of General Counsel, who can be reached by telephone at (301) 837-2926.

---

## Case Listing

### (December 5, 2007 version)

A - G | H - M | N - S | T - Z

| |
|---|
| Alabama-Quassarte Tribal Town v Kempthorne |
| Ak-Chin Indian Community v. United States |
| Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation v. Kempthorne |
| [Eastern] Shoshone Indian Tribe of the Wind River Reservation, Wyoming v. United States / [Northern] Arapahoe Indian Tribe of the Wind River Reservation, Wyoming v. United States |
| Blackfeet Tribe of the Blackfeet Indian Reservation v United States |
| Cheyenne River Sioux Tribe v United States |
| The Chickasaw Nation and The Choctaw Nation v. Department of the Interior |
| Chippewa Cree Tribe of the Rocky Boy's Reservation; Little Shell Tribe of Chippewa Indians; Turtle Mountain Band of Chippewa Indians; White Earth Band of Chippewa Indians v United States |
| Coeur d'Alene Tribe v. United States |

| |
|---|
| Colorado River Indian Tribes v. United States |
| Confederated Tribes of the Colville Reservation v Kempthorne |
| Confederated Tribes of the Goshute Reservation v. United States |
| Confederated Tribes of the Warm Springs Reservation of Oregon v. United States |
| Crow Creek Sioux Tribe v. United States |
| Delaware Tribe of Indians and the Delaware Trust Board v United States |
| Eastern Shawnee Tribe of Oklahoma v United States |
| Eastern Shoshone Tribe v United States, Northern Arapaho Tribe v. United States |
| [Eastern] Shoshone Indian Tribe of the Wind River Reservation, Wyoming v. United States / [Northern] Arapahoe Indian Tribe of the Wind River Reservation, Wyoming v. United States |
| Gila River Indian Community v. Kempthorne |
| Gros Ventre Tribe and Assiniboine Tribe v. United States |
| Haudenosaunee v. United States |
| Haudenosaunee, Onondaga Nation v Kempthorne |
| Hoopa Valley Tribe v United States |
| Hopi Tribe v. United States |
| Iowa Tribe of Kansas and Nebraska v. Kempthorne |
| Iowa Tribe of Kansas and Nebraska v. United States |
| Jicarilla Apache Nation v. United States |
| Kaw Nation of Oklahoma v. United States |
| Kaw Nation v. Kempthorne |
| Lower Brule Sioux Tribe v. United States |
| Makah Indian Tribe of the Makah Indian Reservation v. United States |
| Miami Tribe of Oklahoma v. Kempthorne |
| Miami Tribe of Oklahoma v. United States |
| Muscogee (Creek) Nation of Oklahoma v. United States |
| Navajo Nation v United States |
| Nez Perce Tribe v United States |
| Nez Perce Tribe, Mescalero Apache Tribe, Tule River Indian Tribe, Hualapai Tribe, Yakama Nation, Klamath Tribes, Yurok Tribes, Cheyenne-Arapaho Tribe, Pawnee Nation of Oklahoma, Sac and Fox Nation, and Santee Sioux Tribe of Nebraska v Kempthorne |
| |

| |
|---|
| Northern Cheyenne Tribe of Indians v. Kempthorne |
| Northwestern Band of Shoshone Indians v United States |
| Oglala Sioux Tribe v. Kempthorne |
| Oglala Sioux Tribe v. United States |
| Omaha Tribe of Nebraska v. United States |
| Osage Nation of Oklahoma v. United States |
| Otoe-Missouria Tribe of Indians of Oklahoma v United States |
| Otoe-Missouria Tribe of Oklahoma v Kempthorne |
| Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony, California, v. United States |
| Passamaquoddy Tribe v. United States |
| Passamaquoddy Tribe of Maine v. Kempthorne |
| Pawnee Nation of Oklahoma v. United States |
| Pechanga Band of Luiseno Mission Indians v Kempthorne |
| Ponca Tribe of Indians of Oklahoma v. Kempthorne |
| Prairie Band of Potawatomi Indians v. United States |
| Pueblo of Laguna v. United States |
| Pueblo of Santa Ana v United States |
| Quechan Tribe of the Fort Yuma Indian Reservation v. United States |
| Red Cliff Band of Lake Superior Chippewa Indians v. United States |
| Red Cliff Band of Lake Superior Indians v. Kempthorne |
| Rosebud Sioux Tribe v. Kempthorne |
| Rosebud Sioux Tribe v. United States |
| Round Valley Indian Tribes v. United States |
| Salt River Pima-Maricopa Indian Community v Kempthorne |
| Salt River-Pima-Maricopa Tribes v. United States |
| San Manuel Band of Serrano Missions Indians v United States |
| Seminole Nation of Oklahoma v Kempthorne |
| Seminole Nation of Oklahoma v. United States |
| Shoshone-Bannock Tribes of the Fort Hall Reservation v. Kempthorne |
| Soboba Band of Luiseno Indians v. United States |

| |
|---|
| Sokaogon Chippewa Community v. Kempthorne |
| Sokaogon Chippewa Community (aka Mole Lake Band of Lake Superior Chippewa Indians) v. United States |
| Standing Rock Sioux Tribe v Kempthorne |
| Stillaguamish Tribe of Indians v Kempthorne |
| Stillaguamish Tribe of Indians v United States |
| Swinomish Indian Tribal Community v United States |
| Te-Moak Tribe of Western Shoshone Indians v Kempthorne |
| Three Affiliated Tribes of the Fort Berthold Reservation v Kempthorne |
| Three Affiliated Tribes of the Fort Berthold Indian Reservation v. United States |
| Tohono O'Odham Nation v Kempthorne |
| Tohono O'odham Nation v. United States |
| Tonkawa Tribe of Indians of Oklahoma v. United States |
| Tonkawa Tribe of Indians v Kempthorne |
| United Keetoowah Band of Cherokee Indians in Oklahoma v United States |
| United Keetoowah Band of Cherokee Indians in Oklahoma v. United States |
| Ute Indian Tribe of the Uintah and Ouray Reservation v United States |
| Winnebago Tribe of Nebraska v. Kempthorne |
| Winnebago Tribe of Nebraska v. United States |
| Wyandot Nation of Kansas v Kempthorne |
| Wyandot Nation of Kansas v United States |
| Yankton Sioux Tribe v Kempthorne |
| Yankton Sioux Tribe v United States |
| Yomba Shoshone Tribe v. United States |

Page URL: http://www.nara-at-work.gov/archives_and_records_mgmt/records_mgmt_at_nara/tribal-trust-cases/index.html?defaultLocation=32

The U.S. National Archives and Records Administration
8601 Adelphi Road, College Park, MD 20740-6001 • Telephone: 1-86-NARA-NARA or 1-866-272-6272