IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ROUND VALLEY INDIAN TRIBES, a federally recognized Indian Tribe,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

CIVIL CASE NO. 06-00900 SGB
Judge Susan G. Braden

**MOTION TO SCHEDULE A HEARING DATE FOR JULY 18, 2008, TO CLARIFY NATURE OF HEARING, AND TO SCHEDULE BRIEFING ON PLAINTIFF'S MOTION TO COMPEL IN ADVANCE OF THE HEARING; AND MEMORANDUM IN SUPPORT THEREOF**

## 1. Introduction

During a status conference with the Court on May 12, 2008, Plaintiffs' counsel indicated that she was experiencing difficulties in obtaining the Government's responses to the Tribe's 34 Requests for Production, particularly as to documents kept at the Government's American Indian Records Repository ("AIRR") in Lenexa, Kansas. Plaintiff's counsel stated that the Tribe was considering filing a motion to compel. Accordingly, the Court scheduled a follow-up conference call on May 22, 2008, during which the Court indicated that it wanted a hearing on (1) the problems that the Tribe is experiencing relative to document production at the AIRR, and (2) how the AIRR records search system worked. The Court asked the parties for their available dates for a hearing.

Following this call, the parties tried to reach agreement to avoid a motion to compel. They informed the Court that they were engaging in these discussions. The Court indicated that the parties should file a joint motion by Friday, May 30, 2008, as well as a mutually agreeable date for the hearing.

The parties thereafter engaged in numerous discussions but are unable to resolve Plaintiff's discovery issues by the instant filing deadline. Accordingly, the parties cannot file a joint motion today. Moreover, the Government cannot commit to a hearing date. Plaintiff therefore files this motion to schedule a hearing date, to clarify the nature of the hearing and the necessity for a hearing if Plaintiff's discovery issues are resolved, and to establish a schedule for Plaintiff's motion to compel in advance of the hearing.

The parties are continuing to confer in an attempt to resolve Plaintiff Tribe's discovery issues at the AIRR.

**2. Grounds for Motion**

The grounds for this motion are Court of Federal Claims Rules 26, 34 and 7.2.

**3. Relief Sought**

Plaintiff Tribe seeks and order that:

1. Schedules the hearing on the Tribe's motion to compel on July 18, 2008;

2. Establishes that the hearing will be limited in scope to address the issues raised in the Plaintiff Tribe's motion to compel;

3. Establishes that no hearing will be held in the instant case if the parties resolve the Tribe's discovery issues at the AIRR; and

4. Establishes the following deadlines in advance of the hearing:

a. The Tribe will file a motion to compel on or by June 11, 2008;



2282922.1

b. The Government will file a response on or by June 25, 2008; and

c. The Tribe will file a reply on or by July 7, 2008.

**4. Background**

The Tribe's motion will be straightforward in scope: i.e., it will inform the Court as to the documents that it has sought, how the Government has responded, and why the Government's response fails to meet the requirements of Rule 34.

Plaintiff Tribe seeks a hearing that is limited to any issues in its forthcoming motion to compel. To date, the Government has not provided the Tribe with a single document in response to any of the Tribe's requests for production. Plaintiffs anticipate spending significant financial resources to fund its consultants efforts to search for, review and analyze thousands of financial documents in order to (1) develop the Tribe's specification of claims, which must be filed on October 31; and (2) value the Tribe's claims. Accordingly, a hearing of broad scope that addresses a wide range of issues outside of those raised in the Plaintiff's motion will impose a significant financial burden on the Tribe.

The Tribe fears that a hearing of unlimited scope will invite the Government to introduce an overwhelming number of witnesses and volumes of written testimony over numerous days to discuss the AIRR and document searches at the AIRR. To preserve the record, the Tribe will have to introduce its own witnesses, written evidence, and cross-examine the Government's witnesses on many issues that are not contested but could be used by the Government against the Tribe at a later date.

While the Tribe understands the Court's desire to learn about the Government's complex search apparatus at the AIRR, the Tribe respectfully urges the Court to limit the scope of the instant hearing to the contested issues presented in the Plaintiff's motion; to cancel the hearing if

the Government provides Plaintiff Tribe with an acceptable approach to document production at the AIRR; and to hold a hearing on the AIRR outside the context of the Tribe's case if the Tribe's discovery issues at the AIRR can be resolved in advance of the hearing.

**5. Conclusion**

For the reasons stated herein, the Plaintiff Tribe requests the relief sought in Section 3.

Dated this 30th day of May, 2008.

/s/ Sharon I. Haensly
Sharon I. Haensly, WSBA #18158
WILLIAMS KASTNER & GIBBS, PLLC
601 Union St., #4100
Seattle, WA 98101
Telephone: (206) 628-6600
Fax: (206) 628-6611
ATTORNEYS FOR PLAINTIFF
ROUND VALLEY INDIAN TRIBES