IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROUND VALLEY INDIAN TRIBES, a federally recognized Indian tribes,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL CASE NO. 06-00900 SGB<br>Judge Susan S. Braden |

**PLAINTIFF'S REPLY; WITHDRAWAL OF MOTION TO SCHEDULE A HEARING DATE, TO CLARIFY NATURE OF HEARING, AND TO SCHEDULE BRIEFING ON PLAINTIFF'S MOTION TO COMPEL; AND RESERVATION OF RIGHTS**

On May 30, 2008, Plaintiff Round Valley Indian Tribes ("Tribe") filed a Motion To Schedule A Hearing Date, To Clarify Nature Of Hearing, And To Schedule Briefing On Plaintiff's Motion To Compel, to which Defendant United States responded. As explained below, the Tribe hereby replies by correcting key factual errors in the United States' Response and withdraws its motion, while reserving certain rights.

**1. Background**

The Tribe, after having participated in numerous tutorial and countless negotiating sessions with the Government in an effort to obtain documents responsive to its 34 Requests for Production ("RFP"), was prepared to file a motion to compel and for attorneys fees and sanctions. To date, the trustee Government's hide-the-ball and burden-shifting approach to discovery has only caused delay and imposed significant and wasteful expenses on the beneficiary Tribe. Since this lawsuit was filed in December of 2006, the Government has still not produced a single responsive document from any location, including the American Indian

Records Repository in Lenexa, Kansas ("AIRR"). The Tribe has completed a substantial portion of the necessary research and drafting in preparation for filing its motion to compel.

The Court indicated that it desired, before entertaining a motion to compel, a working session with the parties to learn how the AIRR's Box Indexing Search System ("BISS") works; why the Tribe has received no documents that are responsive to its 34 RFPs; and whether Plaintiff's RFPs can be narrowed so as to produce responsive documents. The working session is scheduled for July 29, 2008. Accordingly, the Tribe is holding its motion to compel in abeyance pending the outcome of the working session.

**2. Reservation of Rights**

So far, the Government's approach has: 1) imposed substantial and wasteful expenses on the beneficiary Tribe; 2) breached both CFC Rule 34 and the Government's fiduciary duties to a beneficiary; and 3) not produced a single responsive document. Accordingly, the Tribe reserves the right to seek attorneys' fees and sanctions for the trustee Government's bad faith approach to discovery to date, and/or move to compel discovery if the Government continues stonewalling the Tribe.

**3. Reply; Correction of Government's Misstatements**

The Tribe hereby corrects the following statements in the Government's Response:

1. The Government falsely states that the Tribe's RFPs are overbroad because they contain the phrase "relating to." U.S. Response at 2-3. On May 13, 2008, the Tribe served the Government with Amended First and Second Requests for Production that specifically deleted that phrase "relating to" from those RFPs containing the phrase in order "to state its requests with more particularity." (Exhibit 1: Plaintiff Round Valley Indian Tribes' Amended First And Second Requests For Production ).

2. The Government mischaracterizes its BISS-generated lists as discovery that meets the requirements of CFC Rule 34. *See* U.S. Response at 5-8, 10. To date, the Government's explanation of its approach to "indexing" boxes and materials at the AIRR would force the beneficiary Tribe to sift through mountains of irrelevant materials, including many other beneficiaries' materials, in hopes of finding a box, file or document with some beneficiary Round Valley Indian Tribes' trust records. (Exhibit 2: Ltr. from S. Haensly, Williams Kastner, to C. Draper and J. Bruno, DOJ, dated June 12, 2008).

3. The Government erroneously states that the parties have not yet held the required CFC Rule 37(a)(2) conference to resolve the problem without court action. U.S. Response at 8-10. This is not true. Still, on June 12, 2008, the parties participated in one last Rule 37 meet-and-confer session as a precursor to the Tribe's filing its motion to compel. (Ex. 2). The Government mischaracterizes its offerance of more BISS tutorials and other "information" in order to forestall the Tribe's motion to compel. U.S. Response at 9-10. No additional information that the Government offered or actually provided produced a single responsive document or anything resembling one. (Ex. 2).

Dated this 23rd day of June, 2008.

/s/ Sharon I. Haensly
Sharon I. Haensly, WSBA #18158

WILLIAMS KASTNER
601 Union St., #4100
Seattle, WA 98101
Telephone: (206) 628-6600
Fax: (206) 628-6611
ATTORNEYS FOR PLAINTIFF
ROUND VALLEY INDIAN TRIBES

CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June, 2008, I electronically transmitted the attached document to the Clerk of U.S. Court of Federal Claims using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Carol Draper and Jason Bruno
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663

/s/ Sharon I. Haensly

# EXHIBIT 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROUND VALLEY INDIAN TRIBES, a federally recognized Indian tribe,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL CASE NO. 06-00900 SGB<br><br>**PLAINTIFF ROUND VALLEY INDIAN TRIBES' AMENDED FIRST AND SECOND REQUESTS FOR PRODUCTION** |

TO: UNITED STATES

AND TO: Carol L. Draper, Attorney of Record
Environment and Natural Resources Division
Natural Resources Section
U.S. Department of Justice
601 D Street, N.W.
Room 3114
Washington, D.C. 20004

Pursuant to the U.S. Court of Federal Claims ("CFC") Rules 26, 34 and 37, Plaintiff Round Valley Indian Tribes ("Plaintiff") amends its First and Second Requests for Production to state its requests with more particularity. These requests relate back in time to the initial requests.

**These discovery requests are continuing in nature and must be supplemented to the full extent required by the CFC Rules, including CFC Rule 26.**

DEFINITIONS AND INSTRUCTIONS

The definitions and instructions set forth below are expressly incorporated by reference into and made a part of these discovery requests.

1. "ALLOTMENTS" mean lands owned by individual Indians and either held by the United States in trust or subject to a restriction by the United States against alienation, in which the Tribe holds a fractional interest.

2. "DOCUMENTS" should be interpreted in the broadest possible manner and includes any written, printed, typed, photocopied, photographic or recorded matter of any kind or character, or any recorded material, however produced or reproduced, whether prepared by YOU or otherwise, including, but not limited to, electronically stored information, including information stored in any e-mail, data processing or word processing system and any information contained on a computer that may or may not have been reduced to hard copy, and also including every copy of a document that is not identical to the original. The term DOCUMENT includes all DOCUMENTS in YOUR possession, custody or control, or that or YOUR employees, contractors, agents, instrumentalities in all forms (agencies, departments, bureaus, etc.), and attorneys, as well as DOCUMENTS that other persons possess of which YOU are aware.

3. "PHASE 1" means the period of United States FY 1973 to the present.

4. "SOURCE DOCUMENTS" means all documents that actually generated or were intended to generate revenue from use of the Tribe's trust assets (including from Tribal Trust Lands and from Allotments in which the Tribe held or holds a legal interest) that were in effect during Phase 1. Source Documents include but are not limited to leases, grazing and other permits, timber sale contracts, easement agreements, right-of-way agreements and land sales contracts; and their amendments, modifications, extensions, renewals, cancellations, and any other alterations made thereto. The Tribe previously sought Source Documents in its First Request for Production.

5. "TRIBES," "TRIBE," or "TRIBAL" means the Round Valley Indian Tribes or, as it was previously named, the Covelo Indian Community.

6. "TRIBAL TRUST LANDS" mean land to which the United States holds legal title in trust for the Tribe, which holds beneficial title.

7. "YOU" or "YOUR" means the defendant United States, including but not limited its employees, contractors, agents, instrumentalities in all forms (agencies, departments, bureaus, etc.), and attorneys.

8. Whenever appropriate herein, the singular form of a word shall be interpreted as the plural, and the plural interpreted as the singular.

9. Pursuant to CFC 34(b), YOU are requested to (1) segregate DOCUMENTS produced in response hereto according to the paragraph or subparagraph to which they are responsive and indicate the specific request to which the DOCUMENTS are responsive, and (2) identify in writing paragraphs or subparagraphs as to which no documents are produced.

10. With respect to any DOCUMENT withheld by counsel in the belief that the DOCUMENT or some portion thereof may be privileged, counsel shall produce so much of each such DOCUMENT as does not contain any alleged privileged information and furnish a written statement setting forth as to each such DOCUMENT (or portion thereof):

(1) The name(s) and address(es) of the author(s) of the DOCUMENT;

(2) The name(s) and address(es) of the person(s) who received the DOCUMENT or to whom copies were sent to be exhibited at any time;

(3) The name(s) and address(es) of all person(s) presently having possession of the DOCUMENT or copies thereof;

(4) The date of the DOCUMENT;

(5) A brief description of the nature and subject matter of the DOCUMENT; and

(6) The privilege asserted.

11. These requests shall be continuing, and if YOU become aware of additional DOCUMENTS or information responsive hereto after the time for production specified, YOU are requested to furnish such DOCUMENTS or information immediately.

REQUESTS FOR PRODUCTION

AMENDED REQUEST FOR PRODUCTION NO. 5. Please produce all timber sale contracts that covered TRIBAL TRUST LANDS or portions thereof, which were or are in effect during the period FY 1973 to the present, and any amendments or modifications of such timber sale contracts.

RESPONSE:

AMENDED REQUEST FOR PRODUCTION NO. 6. Please produce all timber sale contracts that covered ALLOTMENTS or portions thereof in which the Tribe holds a legal interest, which were or are in effect during the period FY 1973 to the present, and any amendments or modifications of such contracts.

RESPONSE:

AMENDED REQUEST FOR PRODUCTION NO. 7. Please produce all easement or right-of-way agreements that covered TRIBAL TRUST LANDS or portions thereof, which were or are in effect during the period FY 1973 to the present, and any amendments or modifications of such agreements.

RESPONSE:

AMENDED REQUEST FOR PRODUCTION NO. 8. Please produce all easement or right-of-way agreements that covered ALLOTMENTS or portions thereof in which the Tribe holds a legal interest, which were or are in effect during the period FY 1973 to the present, and any amendments or modifications of such agreements.

RESPONSE:

AMENDED REQUEST FOR PRODUCTION NO. 10. Please produce any appraisals or similar valuations of TRIBAL trust assets performed during the period FY 1973 to the present, or performed before FY 1973 if pertaining to anticipated or actual transactions involving TRIBAL trust assets during FY 1973.

RESPONSE:

AMENDED REQUEST FOR PRODUCTION NO. 15. Please produce all DOCUMENTS (including both external and internal correspondence) that address how investment decisions were or might have been made for the TRIBE'S accounts during any portion of PHASE 1.

RESPONSE:

AMENDED REQUEST FOR PRODUCTION NO. 22. Please produce DOCUMENTS containing YOUR policy(ies) on late payments on SOURCE DOCUMENTS during any portion of PHASE 1, either that specifically apply or applied to the TRIBE or to tribes generally.

RESPONSE:

AMENDED REQUEST FOR PRODUCTION NO. 27. Please produce any other DOCUMENTS besides those sought in Request for Production No. 26 that indicate renewals, extensions, cancellations or terminations of SOURCE DOCUMENTS during any portion of PHASE 1.

RESPONSE:

AMENDED REQUEST FOR PRODUCTION NO. 29. Please produce DOCUMENTS that indicate sales of the TRIBE'S Trust Assets that occurred during any portion of PHASE 1.

RESPONSE:

DATED this 13th day of May, 2008.

WILLIAMS KASTNER & GIBBS PLLC

By [signature]
Sharon I. Haensly, WSBA #18158
601 Union Street, Suite 4100
Seattle, WA 98101-2380
206.628.6784
206.628.6611 facsimile
Attorneys for Plaintiff Round Valley Indian Tribes

**CERTIFICATE OF SERVICE**

I declare, under penalty of perjury, that on the 13th day of May, 2008, a copy of the foregoing Plaintiff's Amended First and Second Requests for Production was served upon:

Carol L. Draper, Attorney of Record
Environment and Natural Resources Division
Natural Resources Section
U.S. Department of Justice
601 D Street, N.W.
Room 3114
Washington, D.C. 20004

by sending the same by:

1. U.S. mail;

2. electronic mail to Carol.Draper@usdoj.gov (pursuant to parties' agreement to service by mail); and

3. facsimile to Carol Draper at (202) 353-2021.

Sharon I. Haensly



2264250.1

# EXHIBIT 2

WILLIAMS KASTNER™

June 12, 2008

21494.0104

VIA E-MAIL AND U.S. MAIL

Carol Draper, Attorney
Jason Bruno, Attorney
Natural Resources Section
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663

Re: Round Valley Indian Tribes v. United States
Case No. 06-900 (Court of Federal Claims)

Dear Carol and Jason:

This letter follows up on our conversation this morning. Our purpose in arranging the call was to confer, pursuant to CFC Rule 37 and prior to filing a motion to compel, as to whether the Tribe can secure the documents that we have requested in 34 RFPs without court action. Clearly we cannot avoid court action because the Government is unwilling to produce, and we are unable to secure, anything that resembles documents responsive to the Tribe's 34 RFPs.

You professed confusion over what we are seeking. We could not have been more clear. To reiterate, we seek documents in response to our 34 requests for production, period. To date, over seven months after we first propounded our first formal discovery request (our earlier informal request aside, which asked for virtually the same documents), the Tribe has yet to receive a single responsive document. The Government has only provided us with lists of hundreds of thousands of documents and boxes and files that may or may not mention the Tribe much less be responsive to the RFPs. You have also said that you would be sending revised BISS results that are purportedly more readable and may contain more documents. We previously informed you that this would not come close to fixing the problem because the BISS list is not responsive to the RFPs.

This Tribe simply cannot bear the phenomenal expense that it will take to review football fields of boxes with these documents to determine whether they are responsive to our requests. You have admitted, among other things, that the BISS cannot limit searches to documents that pertain to the beneficiary Round Valley Indian Tribe. Instead, the BISS can only search for any one of 54 tribes and countless individual Indians that come under the auspices of the Central California Agency. This is the proverbial needle in a haystack.

Williams, Kastner & Gibbs PLLC
Two Union Square
601 Union Street, Suite 4100
Seattle, Washington 98101
main 206.628.6600 fax 206.628.6611
www.williamskastner.com
SEATTLE . TACOMA . PORTLAND

We have had numerous conversations and exchanges of e-mails, during which I have presented a basic compromise. We stated that (assuming Council approval) the Tribe could accept the defective BISS approach, avoid a court battle, and even agree to a stay/informal discovery within the following parameters, if the Government agreed to: (1) assist in funding the Tribe's consultant EconLit as it grapples with the BISS and document review; (2) perform, with the Tribe's assistance as needed, searches to narrow down documents and boxes at the AIRR; (3) set firm dates by which both AIRR and non-AIRR documents are in EconLit's hands; and (4) keep the October 1 deadline for ending Phase 1 discovery, and the Dec. 24 deadline for filing a specification of claims. We have also asked exactly what the Tribe would be giving up if it entered into informal litigation and a stay, but never received your response. We said that we would need some discovery stipulations so that the Government does not later return with boxes of documents after Phase 1 is closed.

Without waiving our rights to assert the basic defects of the BISS system for discovery purposes, we asked you on May 21, 2008, during our first BISS tutorial, to produce results from an optimal BISS search that was carefully tailored to the Tribe's RFPs. We asked for this because the Government, not the Tribe, best understood the system, the overall management of Government documents, and the BISS terms of art. We offered to assist you in devising this query. You neither accepted nor rejected this request although we spoke of it on numerous subsequent occasions. To date, you have provided us with nothing in this regard. (One wonders why the DVDs that you provided on or about May 15 did not contain the results of optimal searches, but that is a question for another day.). It is clear that the Government's strategy is delay, delay, delay at any and all cost to the beneficiary Tribe.

Finally, you have never answered the following questions that we posed in previous letters:

1. How does the Government plan to address the documents that it stores at the National Archives facility in San Bruno?

2. How did Arthur Anderson go about finding and collecting its materials for Round Valley, and decide which of the materials to give to the tribes? If Arthur Anderson did an exhaustive search at, say, the AIRR, then are we duplicating efforts here? Whether the search was manual or electronic, what terms did Arthur Anderson use to locate the Tribe's files? We stated that Arthur Anderson's document-searching and collecting method was very informative as to how we proceed with discovery in this case.

3. When will you supply the Government's response to RFP No. 21?

Please contact me if you have any questions.

Sincerely,

Sharon I. Haensly
Attorney at Law
(206) 628-6784
shaensly@williamskastner.com

SIH:sih
Enclosure

cc: President Eugene Jamison, Round Valley Tribal Council
Members of the Tribal Council
Tribal Administrator Ted Ochoa