# In the United States Court of Federal Claims

No. 06-900L
Filed: May 27, 2011
**TO BE PUBLISHED**

*****************************************
\*
ROUND VALLEY INDIAN TRIBES,   \*
\*
    Plaintiff,   \*
\*  Motion For Leave To Amend
v.   \*  Complaint, RCFC 15(a).
\*
THE UNITED STATES,   \*
\*
    Defendant.   \*
\*
*****************************************

**Scott B. Henrie**, Williams, Kastner & Gibbs, PLLC, Seattle, Washington, Counsel for Plaintiff.

**Stephen R. Terrell**, United States Department of Justice, Environmental and Natural Resources Division, Washington, D.C., Counsel for Defendant.

## MEMORANDUM OPINION AND ORDER

    On April 28, 2011, Plaintiff filed a Motion For Leave To Amend Complaint ("Pl. Mot."), seeking "to clarify and supplement its claims for breach of trust duties." Pl. Mot. at 1. Plaintiff seeks leave to amend, "in part, to bring the complaint into conformity with the arguments and the relief requested in [Plaintiff's October 2, 2009 Motion For Partial Summary Judgment On Liability For Breach Of Fiduciary Duty.]" *Id.* at 2. To that effect, Plaintiff would like to "clarify that it seeks damages for the losses caused by the [G]overnment's failure to adequately maintain its records relative to [Plaintiff's] trust funds and trust property and damages caused by the [G]overnment's failure to account to [Plaintiff] in a manner that would allow [Plaintiff] to ascertain whether the [G]overnment has faithfully carried out its fiduciary duties[.]" *Id.*

    On May 12, 2011, the Government filed a Response ("Gov't Resp."). The Government argues that the proposed amendment is futile, because "Plaintiff seeks leave to assert claims over which this [c]ourt lacks subject-matter jurisdiction." Gov't Resp. at 2. The Government adds that "Plaintiff's request for leave to amend explicitly seeks an equitable accounting and is, therefore, futile." Gov't Resp. at 3. The Government also argues that Plaintiff has unduly delayed the filing of this amendment, since this case was filed over four years ago, the parties have undertaken significant discovery, and briefing has been submitted on partially dispositive motions. Gov't Resp. at 6-7.

On May 19, 2011, Plaintiff filed a Reply ("Pl. Reply"), countering that the proposed amendment is not futile, because Plaintiff "does not seek leave to assert a new claim for relief; nor does it seek purely equitable relief, as the [G]overnment would like the court to believe. Rather, it is seeking monetary damages because discovery has revealed the [G]overnment's utter failure to keep clear, complete, and accurate books and records of the trust."  Pl. Reply at 2. Further, Plaintiff's amendment is not unduly delayed, because the Government's breach of trust for failure to maintain adequate records only came to light during discovery.  Pl. Reply at 9-10.

In *Foman* v. *Davis*, 371 U.S. 178 (1962), the United States Supreme Court held:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. . . .  In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'

*Id*. at 182 (internal citations omitted).

The court has determined that the proposed Amended Complaint does not raise a new claim for relief, but rather is a clarification of the scope of the previously alleged claim for breach of trust duty.  The court previously determined that it has jurisdiction to adjudicate the claims alleged in the December 27, 2006 Complaint.  *See Round Valley Indian Tribes* v. *United States*, 97 Fed. Cl. 500, 510 (2011).  The Government does not contest this issue.  *See* 8/5/10 TR at 59-60 ("THE COURT: Based upon the Complaint that I have before me, do I have jurisdiction over their Complaint?  GOVERNMENT'S COUNSEL: I will concede that they have stated facts in the Complaint sufficient to allow this case --   THE COURT: -- to move forward. GOVERNMENT'S COUNSEL: Yes.").  Therefore, Plaintiff's proposed Amended Complaint is not futile.  *See Shoshone Indian Tribe of the Wind River Reservation* v. *United States*, 71 Fed. Cl. 172, 176 (2006) ("A motion to amend may be deemed futile if a claim added by the amendment would not withstand a motion to dismiss.").

As to the Government's contention that Plaintiff's Motion For Leave To Amend is unduly delayed, the court has determined that Plaintiff's Motion is timely.  Following the August 5, 2010 hearing on Plaintiff's Motion For Summary Judgment, the court asked Plaintiff whether they wished to amend the December 27, 2006 Complaint in light of the Government's argument. 8/5/10 TR at 73 ("THE COURT: [O]ne of the things I want the Tribe to consider is, number one, do they want to leave their motion on the table, do they want to withdraw it, [do] they want to amend the Complaint or not, [or do they] want to keep the Complaint where it is.").  After additional discovery, the Tribe has decided to clarify the December 27, 2006 Complaint to specifically allege that the Government has failed to maintain adequate records of Plaintiff's trust funds and accounts.

Therefore, for the reasons stated above, Plaintiff's April 28, 2011 Motion For Leave To Amend Complaint is granted, so that Exhibit A thereto may be filed as an Amended Complaint.

*See* RCFC 15(a)(2) ("The court should freely give leave when justice so requires.").  Pursuant to RCFC 15(a)(3), the Government will respond to the Amended Complaint within 14 days of service.  As indicated in the May 9, 2011 Order, the court will convene a status conference on June 7, 2011 at 4:00 PM EST to discuss the scheduling of further proceedings in this matter.

**IT IS SO ORDERED.**

<u>**s/Susan G. Braden**</u>
**SUSAN G. BRADEN**
**Judge**