# In the United States Court of Federal Claims

No. 06-900L
Filed: December 30, 2011
**TO BE PUBLISHED**

```
*************************************
                                    *
                                    *   Motion to Intervene, RCFC 24.
                                    *
ROUND VALLEY INDIAN TRIBES,         *
                                    *
      Plaintiff,                    *
                                    *
and                                 *
                                    *
CHERYL L. LOHMAN, et. al.,          *
                                    *
      Proposed-Intervenors,         *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
      Defendant.                    *
                                    *
                                    *
*************************************
```

**Scott B. Henrie**, Williams, Kastner & Gibbs PLLC, Seattle, Washington, Counsel for Plaintiff.

**Stephen Richard Terrell**, United States Department of Justice, Environmental and Natural Resources Division, Washington, D.C., Counsel for Defendant.

**Cheryl L. Lohman,** Proposed *pro se* Intervenor.

**MEMORANDUM OPINION ON *PRO SE* PROPOSED INTERVENORS' MOTION TO INTERVENE**

**BRADEN,** *Judge*.

I. **FACTUAL AND PROCEDURAL BACKGROUND.**

On December 27, 2006, the Round Valley Indian Tribes ("the Tribes") filed a Complaint in the United States Court of Federal Claims ("Compl.") alleging, *inter alia*, "breaches of trust

duties in regard to the management by [the United States] of the trust funds of the Round Valley Tribe[s] from 1855 to present." Compl. ¶ 1. The facts and procedural history of this case are discussed more fully in the court's March 23, 2011 Memorandum Opinion On The Parties Cross-Motions For Partial Summary Judgment. *See Round Valley Indian Tribes* v. *United States*, 97 Fed. Cl. 500 (2011).

After the court issued that opinion, the parties engaged in fruitful settlement negotiations. On September 28, 2011, however, Cheryl L. Lohman filed a Motion To Intervene ("Intervenors' Mot."), pursuant to RCFC 24, on behalf of herself and on behalf of thirty other *pro se* aggrieved members of the Tribes. The gravamen of Ms. Lohman's Motion is that the pending settlement agreement, which has been tentatively approved by the Round Valley Tribal Council, disposes not just of the Tribes' claims for governmental mismanagement of trust funds, but also claims of individual tribal members to non-monetary tribal assets that are not the subject of this case.

On October 11, 2011, the Tribes filed an Opposition To The September 28, 2011 Motion To Intervene ("Pl. Resp."). On October 17, 2011, the Government filed a Response To Motion To Intervene ("Gov't Resp.").

On October 20, 2011, the court issued an Order directing the Tribes and the Government either to file a joint stipulation "clarifying that the proposed settlement will not extinguish any potential claim that any individual tribal member may have either at law or in equity, in his or her individual capacity, against the Government," or to file supplemental briefing.

On October 27, 2011, the court granted Proposed Intervenors' October 26, 2011 Motion For Extension Of Time To File Reply To Responses. On October 31, 2011, Proposed Intervenors filed a Reply.

On December 14, 2011, the Tribes and the Government submitted a Joint Stipulation Clarifying Proposed Settlement ("Stip."), in response to the court's October 20, 2011 Order. The December 14, 2011 Joint Stipulation states that "the Parties' proposed settlement does not address any claims that any individual tribal member has or may have, in his or her individual capacity, regarding his or her own trust funds or non-monetary-trust resources, at law or in equity, against the United States." Stip. ¶ 1.

## II. PLEADINGS OF *PRO SE* LITIGANTS.

The pleadings of a *pro se* Plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Hughes* v. *Rowe*, 449 U.S. 5, 9 (1980) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers" (citations and internal quotation marks omitted)). Indeed, it has been the tradition of this court to examine the record "to see if [a *pro se*] Plaintiff has a cause of action somewhere displayed." *Ruderer* v. *United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* Plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke* v. *United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The court has carefully studied Proposed Intervenors' September 28, 2011 Motion To Intervene to ensure they are not unfairly denied access to this litigation.

### III. DISCUSSION.

Proposed Intervenors' September 28, 2011 Motion To Intervene argues that the Tribes and their members are separate legal entities with distinct rights and interests. Intervenors' Mot. at 4. The Proposed Intervenors "do not have an issue with the $8.5 million [proposal] to settle the trust fund mismanagement," but are "concerned about the non-monetary assets." *Id.* at 5. These concerns can only be addressed by granting Intervenors a "seat at the [negotiating] table." *Id.* Proposed Intervenors insist that their interests are not adequately represented by the Round Valley Tribal Council, because the Council members have interests "that are adverse to Proposed Interveners [sic] interests." *Id.* at 6.

Both the Tribes and the Government argue that Proposed Intervenors have not satisfied the standards for intervention under RCFC 24. First, individual tribal members do not have a legally protectable interest in a settlement of tribal property, because "individual Indians have no legally recognized interest in the property of a Tribe[.]" Pl. Resp. at 2; *see also* Gov't Resp. at 4-7. Second, the Tribes adequately represent any legitimate interests that Proposed Intervenors may have, because the Tribes and their members "share an interest in maximizing the damages for the breach of trust duties alleged in this action." *Osage Tribe of Okla.* v. *United States*, 85 Fed. Cl. 162, 172 (2008). Finally, the September 28, 2011 Motion To Intervene was not timely, as it was filed on the eve of settlement. Gov't Resp. at 10-12.

Proposed Intervenors' September 29, 2011 Motion To Intervene can be viewed in two ways, but in either case intervention is not warranted at this juncture. First, the September 29, 2011 Motion could be construed as expressing a concern that individual tribal members' claims to individually-owned non-monetary assets, such as property and logging rights, will be extinguished by settlement. Although this is a legitimate concern, it is addressed by the parties' December 14, 2011 Stipulation, that specifically preserves individual tribal members' right to sue the United States for any violation of their personal property interests.

In the alternative, the September 28, 2011 Motion could be construed as a disagreement with the Tribal Council's decision to settle claims regarding the management of non-monetary *tribal* assets held in trust for the Tribes, *i.e.*, the subject of this litigation. This concern is not a basis for intervention. A potential intervenor must have a "legally protectable interest" in order to justify intervention. *Am. Mar. Transp., Inc.* v. *United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989). A legally protectable interest must "be one which the substantive law recognizes as belonging to or being owned by the applicant." *Id.* (emphasis omitted) (internal quotation marks and citations omitted). By definition, tribal assets are owned by the Tribes, not individual members. Therefore, although the Proposed Intervenors certainly have a political or personal interest in the disposition of tribal assets, they do not have any "legally protectable interest" in tribal assets. *See Osage Tribe*, 85 Fed. Cl. at 170-72.

4

Accordingly, for these reasons, and in light of the December 14, 2011 Stipulation, Proposed Intervenors' September 28, 2011 Motion To Intervene is denied.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**
